STATE OF NORTH CAROLINA v. LANCE ALBERT SNYDER

No. 8321SC674

(Filed 7 February 1984)

**Homicide § 21.7— second degree murder—insufficient evidence of malice**

> The conviction of defendant for second degree murder constituted "plain error" as there was no evidence of malice on the part of defendant where the evidence tended to show that defendant, after heavily drinking before going to a bar and then trying to buy a drink at a bar, was hit in the head in a fight, walked to his car, drove onto the highway at an excessive speed, and ultimately struck a car killing three passengers. There was no evidence that the deaths were the result of any malice, and without this essential element there can be no crime of second degree murder.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 3 December 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 17 January 1984.

Defendant was tried on indictments charging him with three counts of second degree murder. On 4 September 1982, defendant and his brother went to Smokey's Lounge in Forsyth County af-

ter having had several mixed drinks during the course of the afternoon. Worth Shelton, the owner of Smokey's Lounge, refused to serve them and told them to leave. As they were leaving, an altercation ensued, during which Shelton struck defendant on the chin with his fist. He then hit defendant above the eye, causing him to fall into the door. As he was falling, defendant's head hit the base of the door.

Defendant then walked to his car and drove out of the parking lot and onto Highway 311 at excessive speed. While leaving the parking lot he struck the rear of a motorcycle on which two people were riding, forcing it off the road. Defendant then increased his speed and, after running through a red light, entered an intersection where he struck a car, killing three passengers. After the accident defendant was taken to Forsyth Memorial Hospital. Records of the hospital emergency room indicated that defendant had a .32 alcohol blood content when admitted.

Defendant testified at trial that he had no memory of any events that occurred after he was hit and knocked into the door at Smokey's Lounge. Defendant's attempt to offer medical testimony showing that he was unconscious at the time of the accident was denied by the court, as was his attempt to argue the defense of unconsciousness to the jury. Moreover, the court refused to instruct the jury on the issue of unconsciousness. The jury was allowed to return one of four verdicts: Guilty of second degree murder, guilty of involuntary manslaughter, guilty of death by vehicle, or not guilty; and found defendant guilty of second degree murder in all three cases.

After finding as an aggravating factor that defendant was engaged in a pattern of violent conduct, and finding no mitigating factors, the court sentenced defendant to 20 years on each of the three counts to be served concurrently, such sentence being in excess of the presumptive term of 15 years. From these proceedings defendant appeals.

*Attorney General Edmisten, by Associate Attorney David E. Broome, Jr., for the State.*

*James J. Booker and W. Eugene Metcalf for defendant-appellant.*

State v. Snyder

ARNOLD, Judge.

Defendant was convicted of three counts of second degree murder. Second degree murder is defined as the unlawful killing of a human being with malice, but without premeditation and deliberation. *State v. Duboise,* 279 N.C. 73, 181 S.E. 2d 393 (1971). Although the issue has not been raised by the parties, we find that the conviction of defendant for second degree murder constituted "plain error" as there is no evidence of malice on the part of defendant.

Malice as an element of the crime of second degree murder may be either express or implied. *State v. Foust,* 258 N.C. 453, 128 S.E. 2d 889 (1963). Furthermore, malice is not only hatred, ill-will, or spite, as it is ordinarily defined, but it also includes the "condition of the mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification." *Id.* at 458, 128 S.E. 2d at 893.

In the case at bar, there is no question that defendant's act of running a red light and striking the car of the decedents resulted in their deaths. There is no evidence, however, express or implied, that these deaths were the result of any malice. Without this essential element there can be no crime of second degree murder.

The disposition of this case in no way prevents the State from prosecuting defendant for the offenses of involuntary manslaughter or death by vehicle (*see* C. Whitebread, Constitutional Criminal Procedure, § 23.6 *Appeal, Retrial, and Implied Acquittal* (1978), but the conviction on the three counts of second degree murder is

Reversed.

Judges WHICHARD and BECTON concur.