STATE OF NORTH CAROLINA v. DAVID LEE BYERS

No. 9116SC424

(Filed 18 February 1992)

1. **Automobiles and Other Vehicles § 789 (NCI4th) — felony death by vehicle — not lesser offense of involuntary manslaughter**

    Felony death by vehicle is not a lesser included offense of involuntary manslaughter, and the trial court did not err in failing to charge the jury on felony death by vehicle in a prosecution in which the trial court submitted second degree murder and involuntary manslaughter as possible verdicts.

    **Am Jur 2d, Automobiles and Highway Traffic §§ 324, 328-330, 338, 339.**

2. **Evidence and Witnesses § 621 (NCI4th); Automobiles and Other Vehicles § 813 (NCI4th) — hospital blood test — waiver of right to challenge — admissibility under "other competent evidence" exception**

    Defendant waived his right to challenge the admissibility of blood tests performed at a hospital by failing to make a motion to suppress the blood test results prior to trial. N.C.G.S. § 15A-975. Furthermore, testimony concerning the results of blood tests may be admitted into evidence under the "other competent evidence" exception in N.C.G.S. § 20-139.1 even though the tests were not performed in accordance with N.C.G.S. §§ 20-16.2 and 20-139.1.

    **Am Jur 2d, Automobiles and Highway Traffic § 377.**

3. **Evidence and Witnesses § 174 (NCI4th); Homicide § 15.2 (NCI3d) — second degree murder — automobile collision — license revoked — driving without permission — evidence of malice**

    In a prosecution for second degree murder arising from a collision while defendant was driving under the influence

STATE v. BYERS

[105 N.C. App. 377 (1992)]

of alcohol, evidence that defendant knew his license was revoked when the accident occurred indicated that defendant acted with "a mind regardless of social duty" and with "recklessness of consequences" and was thus admissible to show malice. Evidence that defendant did not have permission to use the car he was driving and displayed fictitious tags on the car indicated a mind "bent on mischief" and was also admissible to show malice.

**Am Jur 2d, Automobiles and Highway Traffic § 383.**

4. **Evidence and Witnesses § 339 (NCI4th) — second degree murder — automobile collision while impaired — pending driving while impaired charge — admissibility to show malice**

In a prosecution for second degree murder arising out of an automobile collision while defendant was driving under the influence of alcohol, evidence that a charge of driving while impaired was pending against defendant at the time of the collision was not offered to show defendant's propensity to drive while impaired but was properly admitted under Rule of Evidence 404(b) to show malice.

**Am Jur 2d, Automobiles and Highway Traffic §§ 383, 384; Evidence § 331; Homicide § 438.**

5. **Evidence and Witnesses § 1354 (NCI4th) — officer's notes of questions and answers — admissibility — defendant's signature not required**

The trial court did not err in admitting an officer's notes recording verbatim the questions he had asked defendant and defendant's answers to those questions and in permitting the officer to read his notes to the jury even though the notes were not signed by defendant or otherwise admitted by defendant to be correct.

**Am Jur 2d, Evidence § 533.**

APPEAL by defendant from *Britt (Joe Freeman), Judge.* Judgment entered 17 October 1990 in Superior Court, ROBESON County. Heard in the Court of Appeals 10 February 1992.

Defendant was charged in proper bills of indictment with murder in violation of G.S. 14-17. The jury found defendant guilty of two counts of involuntary manslaughter.

The evidence presented at trial tends to show the following: On 11 March 1990, Mary Davis and Rosalind Batchelor were traveling east on Rural Paved Road 1318 in Red Springs, North Carolina. Defendant was traveling west on Road 1318, when he collided head on with the automobile driven by Mrs. Davis.

Andrew Jacobs came upon the accident. He first went to the car driven by Mrs. Davis and found she was unconscious and had no pulse. He checked Mrs. Batchelor and found her seriously injured and unable to speak. He then went to defendant's car and found him pinned in the driver's seat. Jacobs smelled alcohol in defendant's car. Jacobs went from car to car assisting the victims until help arrived. Trooper Keith Hinnant arrived at the scene along with emergency crews. He found both women motionless and smelled a strong odor of alcohol coming from defendant's car. After determining that both Mrs. Davis and Mrs. Batchelor were dead, emergency technicians attended to defendant. Defendant suffered facial cuts and bruises and had a noticeable odor of alcohol on his breath.

Defendant was taken for treatment to Southeastern General Hospital. Approximately two hours after the accident, pursuant to a physician's order, a phlebotomy specialist at Southeastern General withdrew blood from defendant. This blood was later analyzed by a medical technologist and revealed .239 grams of alcohol per 100 milliliters of blood.

After conducting an investigation at the scene, Trooper Hinnant proceeded to the emergency room where he saw defendant. Defendant told him Mrs. Davis had crossed over into his lane and hit him head on. On 15 March 1990, as defendant was being released from the hospital, Trooper Hinnant approached him again. After first being advised of his *Miranda* rights, defendant agreed to answer Trooper Hinnant's questions about the accident. Defendant said he had been drinking the afternoon and evening before the collision, that he had slept three or four hours, and when he awoke on the morning of the collision he had one more beer and started driving.

From judgments imposing two consecutive sentences of ten years in prison, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Linda Anne Morris, for the State.*

*Public Defender Angus B. Thompson, II, by Assistant Public Defender Omar Saleem, for defendant, appellant.*

HEDRICK, Chief Judge.

[1]  Defendant first contends "[t]he trial court erred in refusing to charge the jury on felony death by vehicle." Our decision is controlled by *State v. Williams*, 90 N.C. App. 614, 369 S.E.2d 832, *disc. review denied*, 323 N.C. 369, 373 S.E.2d 555 (1988), where we held that felony death by vehicle, G.S. 20-141.4(a1), was *not* a lesser included offense of involuntary manslaughter.

In the present case, the trial court submitted three possible verdicts to the jury — second degree murder, involuntary manslaughter and misdemeanor death by vehicle. Since felony death by motor vehicle is not a lesser included offense of involuntary manslaughter, and since the trial court did submit involuntary manslaughter, the court did not err in not submitting felony death by motor vehicle as a possible verdict. This assignment of error is meritless.

[2]  Defendant next assigns error to the trial court's admission of testimony concerning the results of the blood test. Defendant argues the results of the test were not admissible because the test was not performed in accordance with G.S. 20-16.2 and G.S. 20-139.1. The record, however, indicates defendant failed to challenge the admissibility of the results of the blood test by a proper motion to suppress pursuant to G.S. 15A-974 and 15A-975.

G.S. 15A-974 provides that "[u]pon timely motion," the trial court must suppress evidence if "[i]t is obtained as a result of a substantial violation" of the Criminal Procedure Act. G.S. 15A-975 sets forth the procedural requirements for making a motion to suppress evidence pursuant to G.S. 15A-974:

> (a) In superior court, the defendant may move to suppress evidence only prior to trial unless the defendant did not have reasonable opportunity to make the motion before trial or unless a motion to suppress is allowed during trial under subsection (b) or (c).

> (b) A motion to suppress may be made for the first time during trial when the State has failed to notify the defendant's counsel or . . . defendant . . . of its intention to use the evidence
>  . . . .

> (c) If, after a pretrial determination and denial of the motion, the judge is satisfied, upon a showing by the defendant,

that additional pertinent facts have been discovered by the defendant which he could not have discovered with reasonable diligence before the determination of the motion, he may permit the defendant to renew the motion before trial . . . .

A defendant's failure to comply with the requirements of the statute acts as a waiver of his right to suppress evidence in violation of statutory or constitutional law. *State v. Holloway*, 311 N.C. 573, 319 S.E.2d 261 (1984).

In the present case, defendant failed to make a motion to suppress the results of the blood test prior to trial, and there is nothing in the record to indicate the existence of other circumstances which would allow defendant to make the motion during trial. Thus, defendant's failure to move to suppress the results of the blood test prior to trial acts as a waiver of his right to suppress such evidence. Furthermore, the Supreme Court, in *State v. Drdak*, 330 N.C. 587, 411 S.E.2d 604 (1992), held that testimony concerning the results of blood tests may be admitted into evidence even though the tests were not performed in accordance with G.S. 20-16.2 and G.S. 20-139.1 under the "other competent evidence" exception contained in G.S. 20-139.1. Defendant's assignment of error is meritless.

By Assignments of Error Numbers 3, 4, and 5 argued on appeal, defendant challenges the trial court's rulings as to the admissibility of certain evidence tending to show: (1) defendant did not have permission to use the car he was driving at the time of the collision, (2) defendant's drivers' license was revoked when the accident occurred and (3) defendant had been charged with driving while impaired in November, 1989, which charge was pending at the time of the accident on March 11, 1990. Defendant claims this evidence was "completely irrelevant, prejudicial and inadmissible." We disagree.

"Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.R. Evid. 401. Rule 403 of the North Carolina Rules of Evidence provides in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Whether to exclude evidence under Rule 403 is a matter left to the sound

discretion of the trial court. *State v. Cotton*, 318 N.C. 663, 351 S.E.2d 277 (1987).

"Ordinarily, evidence tending to support the theory of the case being tried is admissible." *State v. Coffey*, 326 N.C. 268, 280, 389 S.E.2d 48, 55 (1990). In the present case, defendant was charged with second degree murder. The Supreme Court has held that "any act evidencing 'wickedness of disposition, hardness of heart, cruelty, recklessness of consequences and a mind regardless of social duty and deliberately bent on mischief' . . . is sufficient to supply the malice necessary for second degree murder." *State v. Snyder*, 311 N.C. 391, 394, 317 S.E.2d 394, 396 (1984), *quoting State v. Wilkerson*, 295 N.C. 559, 581, 247 S.E.2d 905, 917 (1978).

[3] We find the evidence presented at trial tending to show defendant knew his license was revoked and proceeded to drive regardless of this knowledge indicates defendant acted with "a mind regardless of social duty" and with "recklessness of consequences." We further find the evidence tending to show defendant took the car without permission and displayed fictitious tags in order to drive indicates a mind "bent on mischief." Therefore, we hold the trial court did not abuse its discretion in admitting this evidence for the purpose of showing malice.

[4] Furthermore, we hold the trial court did not err in admitting evidence that defendant had a pending charge for driving while impaired at the time of the accident in order to show malice. Defendant contends this evidence was more prejudicial than probative and was violative of Rules 403 and 404(b) of the North Carolina Rules of Evidence. He argues this evidence was offered only to show defendant's propensity to drive impaired and cautionary instructions to the jury did not cure the prejudicial effect. We cannot agree.

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

This rule clearly suggests that "evidence of other offenses is admissible so long as it is relevant to any fact or issue other

than the character of the accused." *Coffey* at 278, 389 S.E.2d at 54. In order for the State to prove malice, it may present evidence of the defendant's acts which indicate criminal intent and other evidence which shows the defendant's mental state. *State v. Foust*, 258 N.C. 453, 128 S.E.2d 889 (1963).

In the present case, the evidence of defendant's pending driving while impaired charge is evidence of malice to support a second degree murder charge. The trial court properly admitted such evidence pursuant to Rule 404(b) since the evidence was not submitted to show defendant's propensity to commit the crime, but to show the requisite mental state for a conviction of second degree murder. Defendant's Assignments of Error Numbers 3, 4 and 5 are overruled.

[5] In his final assignment of error argued on appeal, defendant contends "[t]he trial court erred in admitting State's Exhibit Number [12] into evidence concerning statements made by defendant when the statements were not signed or acknowledged by defendant."

The record indicates defendant was approached by Trooper Hinnant as he was checking out of the hospital. After reading him the *Miranda* warnings, Trooper Hinnant asked defendant if he would answer some questions about the accident. At that time, defendant signed a waiver of rights form and agreed to answer Trooper Hinnant's questions. At trial, the State introduced Trooper Hinnant's notes recording the questions he had asked defendant and his answers to those questions as State's Exhibit 12. Trooper Hinnant testified that the exhibit was a verbatim record of the questions he posed to defendant and the answers he had given, and the trial judge allowed Trooper Hinnant to read his notes to the jury.

In his brief, defendant argues these notes should not have been admitted into evidence because they "were not signed or otherwise admitted by defendant to be correct." Defendant relies on *State v. Walker*, 269 N.C. 135, 152 S.E.2d 133 (1967), for the proposition that the notes could not be admitted unless defendant signed them to acknowledge their accuracy. In *Walker*, the Supreme Court held that a written statement which was an interpretive narration of defendant's confession and was signed by defendant before being read to him was inadmissible. *Walker, supra.* The Court stated, however,

There is a sharp difference between reading from a transcript which, according to sworn testimony, records the exact words used by an accused, and reading a memorandum that purports to be an interpretive narration of what the officer understood to be the purport of statements made by the accused.

*Id.* at 141, 152 S.E.2d at 138.

In the present case, Trooper Hinnant testified that his notes were a verbatim record of the questions and answers between he and defendant. We liken the present case to the facts in *State v. Cole*, 293 N.C. 328, 327 S.E.2d 814 (1977), in which the Supreme Court upheld the admissibility of defendant's unsigned written statement. As in *Cole*, the statement in question was taken down in longhand in defendant's own words by an officer and was not merely the officer's impression of the import of defendant's statements. Under these circumstances, we hold the trial court did not err in allowing Trooper Hinnant to read his notes to the jury. Defendant's assignment of error is without merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges WELLS and JOHNSON concur.