STATE OF NORTH CAROLINA v. CHARLIE ANDERSON McBRIDE, JR.

No. 9119SC994

(Filed 16 February 1993)

**1. Automobiles and Other Vehicles § 790 (NCI4th) — murder — driving while impaired — evidence of malice — sufficient**

There was sufficient evidence of malice in a second degree murder prosecution arising from an automobile accident where defendant drove his car knowing that his license was permanently revoked, indicating that he acted with a mind without regard for social duty and with recklessness of consequences; the fact that defendant used false license tags and lied to

STATE v. McBRIDE

[109 N.C. App. 64 (1993)]

inspection personnel to obtain an inspection sticker indicates a mind deliberately bent on mischief; and defendant's driving while substantially impaired after prior convictions for driving while impaired and while his license was revoked manifests a mind utterly without regard for human life and social duty.

**Am Jur 2d, Automobiles and Highway Traffic §§ 340-344.**

**Alcohol-related vehicular homicide: nature and elements of offense. 64 ALR4th 166.**

2. **Evidence and Witnesses § 339 (NCI4th)— driving while impaired — second degree murder — prior driving convictions and false statements — admissible to show malice**

The trial court did not err in a second degree murder prosecution arising from an automobile accident by allowing the State to present evidence of defendant's prior driving convictions and a false statement made to an inspection station a month earlier that his car was owned by his son's automobile business. The State offered the evidence to show the requisite mental state for a conviction of second-degree murder, not to show defendant's propensity to commit the crime.

**Am Jur 2d, Automobiles and Highway Traffic § 368; Evidence §§ 320, 321, 324.**

3. **Appeal and Error § 317 (NCI4th)— murder — closing argument — not transcribed — issue not preserved for appeal**

There was no prejudicial error in a second degree murder prosecution arising from an automobile collision where defendant contends that the court should not have allowed the State to argue that evidence which had been admitted for a limited purpose could be considered for another purpose, but failed to record or transcribe opposing counsel's closing argument for review. The Court of Appeals may not speculate as to prejudicial error when defendant fails to preserve an issue for review.

**Am Jur 2d, Appeal and Error §§ 624, 625.**

4. **Criminal Law § 1098 (NCI4th)— murder — automobile accident — prior convictions as evidence of malice — improperly used as aggravating factor**

The trial court erred in a second degree murder prosecution arising from an automobile accident by finding prior

STATE v. McBRIDE

[109 N.C. App. 64 (1993)]

convictions as an aggravating factor when those convictions were offered by the State as proof of malice. N.C.G.S. § 15A-1340.4(a)(1)o.

**Am Jur 2d, Appeal and Error §§ 515, 516.**

Appeal by defendant from judgment entered 3 May 1991 in Rowan County Superior Court by Judge Howard R. Greeson, Jr. Heard in the Court of Appeals 11 January 1993.

Defendant was indicted by the Rowan County grand jury for second-degree murder, driving while impaired in violation of G.S. § 20-138.1, driving while license permanently revoked in violation of G.S. § 20-28, and illegal transportation of spirituous liquor in violation of G.S. § 18B-401. The State's evidence at trial tended to establish the following factual circumstances.

On the night of 28 December 1987, three high school students were traveling down Faith Road within the posted speed limit at approximately 10:30 p.m. As they approached a hill, one boy saw lights from an approaching car weaving in and out of their lane. As they came closer to the car, the headlights remained in the wrong lane, facing them head on. When the driver saw the headlights in his lane, he turned the steering wheel to the right, in an attempt to avoid the collision. Despite the maneuver, the two cars collided. Brad Michael Patrick, one of the high school students involved, died as a result of the collision.

Immediately after the accident, witnesses noticed defendant exit the driver's side of his car. He had a strong odor of alcohol about him and slurred speech. When questioned by police, defendant denied having driven the car and told the officer that the driver had run away after the accident.

At the hospital, defendant underwent a blood alcohol test revealing an alcohol concentration of .183 grams of alcohol per 100 milliliters of blood. Upon investigation of the scene, the police found a broken vodka bottle on the passenger side floorboard of defendant's vehicle and a second vodka bottle on the road under the driver's side door. Defendant had been convicted of driving while impaired in 1981, 1982, and driving while license revoked in 1982, 1984 and 1986. The evidence at trial indicated defendant was driving while his license was permanently revoked the night of the collision. Defendant had also lied about the ownership of his car in order

to obtain an inspection sticker and had placed illegal license tags on the car.

At trial, the jury returned guilty verdicts for second-degree murder, driving while impaired, driving while license permanently revoked, and illegal transportation of spirituous liquor. Defendant was then sentenced to a prison term of life for second-degree murder plus four years for the other offenses. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Linda Anne Morris, for the State.*

*Glover & Petersen, P.A., by James R. Glover and Ann B. Petersen, for defendant-appellant.*

WELLS, Judge.

Defendant sets forth three assignments of error for our review. First, defendant contends the trial court erred in failing to dismiss the second-degree murder charge because the State's evidence was insufficient to support a conviction. Second, defendant challenges the court's admission of certain evidence of bad character as proof of malice and its giving leave to the State to argue in closing that evidence of bad character tended to show defendant acted with malice. Finally, defendant argues that the trial court erred by improperly relying on factors prohibited by the Fair Sentencing Act as a basis for imposing a life sentence for the offense of second-degree murder.

[1] Defendant contends the court erred in failing to grant defendant's motion to dismiss because the State's evidence was insufficient to establish malice, proof of which is essential to support a charge of second-degree murder. We disagree.

Second-degree murder is the unlawful killing of a human being with malice but without premeditation and deliberation. *State v. Robbins*, 309 N.C. 771, 309 S.E.2d 188 (1983). What constitutes proof of malice will vary depending on the factual circumstances in each case. North Carolina courts have recognized at least three kinds of malice:

> One connotes a positive concept of express hatred, ill-will or spite, sometimes called actual, express, or particular malice. Another kind of malice arises when an act which is inherently dangerous to human life is done so recklessly and wantonly

as to manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief. Both these kinds of malice would support a conviction of murder in the second degree. There is, however, a third kind of malice which is defined as nothing more than "that condition of mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification."

*State v. Reynolds*, 307 N.C. 184, 297 S.E.2d 532 (1982) (citations omitted.)

Our Court in *State v. Snyder*, 66 N.C. App. 358, 311 S.E.2d 379 (1984), applied the first and third definitions of malice to facts similar to the case at hand. In that case, defendant, while operating his vehicle in an impaired state, drove onto the highway at an excessive rate of speed and ultimately struck a car, killing three passengers. Upon reviewing the record, we found no evidence of malice consisting of hatred, ill-will or spite, nor did we find defendant to possess the "condition of the mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification." *See State v. Snyder, supra.* The North Carolina Supreme Court reversed our decision, finding that we applied an inappropriate standard for determining the presence of malice in the context of motor vehicle death. *State v. Snyder*, 311 N.C. 391, 317 S.E.2d 394 (1984).

Following our Supreme Court's mandate, the test here is whether, from the facts presented, malice arose from "an act which is inherently dangerous to human life [and which] is done so recklessly and wantonly as to manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief." *Reynolds, supra.* We find the evidence adduced at trial as set forth herein was sufficient to support a finding of malice.

Defendant drove his car knowing that his license was permanently revoked, indicating defendant acted with a mind without regard for social duty and with "recklessness of consequences." *State v. Byers*, 105 N.C. App. 377, 413 S.E.2d 586 (1992). The fact that defendant used false license tags and lied to inspection personnel to obtain an inspection sticker indicates a mind deliberately "bent on mischief." *Id.* Defendant's driving while substantially impaired after prior convictions for driving while impaired and driving while his license was revoked manifests "a mind utterly without regard for human life and social duty." *Reynolds, supra.*

Because such evidence supports a finding of malice sufficient for a conviction of second-degree murder, we find the trial court properly submitted the charge of second-degree murder to the jury.

[2] Defendant's second assignment of error is divided into two related arguments. First, defendant contends that the court erred by allowing the State to present evidence of defendant's prior driving convictions and of defendant's false statement made to an inspection station a month earlier that his car was owned by his son's automobile business, on the theory that it was evidence of malice. Defendant argues that prior conduct cannot be evidence of malice on the day of a fatal accident and is nothing more than improper evidence of bad character.

Our Court has held that prior conduct such as prior convictions and prior bad acts will be admissible under Rule 404(b) of the North Carolina Rules of Evidence as evidence of malice to support a second-degree murder charge. *See Byers, supra.* Where the State offers such evidence, not to show defendant's propensity to commit the crime, but to show the requisite mental state for a conviction of second-degree murder, admission of such evidence is not error. *Id.*

[3] Defendant next asserts that the court should not have given opposing counsel leave to argue that the evidence of bad character tended to show malice where the court had previously restricted the basis for admission of certain evidence. Specifically, defendant argues that when evidence is admissible for only a limited purpose, it is improper and prejudicial error for the State to argue in closing that it should be considered by the jury for another purpose. While this is a proper assessment of the law in North Carolina, we cannot review this assignment of error on its merits because defendant failed to record or transcribe opposing counsel's closing argument for review. When defendant fails to properly preserve an issue for review, our Court may not speculate as to any prejudicial error. *State v. Arnold*, 314 N.C. 301, 333 S.E.2d 34 (1985). Based on the record before us, we can find no prejudicial error and therefore overrule defendant's second assignment of error.

[4] Finally, defendant asserts that the trial court abused its discretion and improperly relied upon factors prohibited by the Fair Sentencing Act in imposing the maximum penalty — life imprisonment — for the offense of second-degree murder. The Fair

Sentencing Act, N.C. Gen. Stat. § 15A-1340.4, prohibits a court from considering certain factors in aggravating a crime covered by the Act. Generally, "a conviction may not be aggravated by prior convictions of other crimes which could have been joined for trial or by a contemporaneous conviction of a crime actually joined by or acts which form the gravamen of these convictions." *State v. Hayes*, 323 N.C. 306, 372 S.E.2d 704 (1988); N.C. Gen. Stat. § 15A-1340.4(a)(1)o. Furthermore, "evidence used to prove an element of a crime may not also be used to prove a factor in aggravation of that same crime." *Id.*; N.C. Gen. Stat. § 15A-1340.4(a)(1). Here, the trial court found one aggravating factor, prior convictions for criminal offenses punishable by more than 60 days confinement, and no mitigating factors. The State relied on these prior convictions in its case as proof of malice. Evidence offered at trial to prove malice, an element of second-degree murder, cannot be the basis for aggravating that crime. *See State v. Withers*, 311 N.C. 699, 319 S.E.2d 211 (1984) (prior convictions may be considered as an aggravating factor where prior convictions were not used to establish an element of the crime charged). *See also State v. Blackwelder*, 309 N.C. 410, 306 S.E.2d 783 (1983). Because defendant's prior convictions were offered by the State as proof of malice, the trial court's consideration of such convictions as a factor in aggravation was error.

We therefore vacate the sentence imposed for second-degree murder and remand for resentencing.[1]

No error in the trial; remand for resentencing on second-degree murder.

Judges COZORT and LEWIS concur.

---

1. For purposes of resentencing, we also note that defendant's contemporaneous conviction for driving while license revoked may not be considered a factor in aggravation as it was a joined offense. N.C. Gen. Stat. § 15A-1340.4(a)(1)o.