STATE OF NORTH CAROLINA v. RONNIE EUGENE GRICE

No. COA97-1361

(Filed 6 October 1998)

**1. Criminal Law— sentencing—comment on defendant's lack of remorse—not an aggravating factor**

The trial court did not err by considering an improper aggravating factor when sentencing defendant for second-degree murder and assault with a deadly weapon inflicting serious injury arising from impaired driving. The court's statement concerning defendant's lack of remorse more closely resembles a comment on defendant's continued pattern of reckless behavior and lack of social duty than reliance on lack of remorse as an aggravating factor.

**2. Homicide— felony death by motor vehicle—not a lesser included offense of second-degree murder**

The trial court did not err in a second-degree murder prosecution arising from a fatal automobile accident resulting from defendant's impaired driving by instructing the jury on second-degree murder, involuntary manslaughter, and misdemeanor death by vehicle, but refusing to instruct on felony death by motor vehicle. Felony death by motor vehicle is not a lesser included offense of second-degree murder.

**3. Criminal Law— prior convictions—admitted to show malice—limiting instructions**

The trial court did not err in a second-degree murder prosecution arising from a fatal automobile accident which resulted from defendant's impaired driving by admitting DUI convictions from 1980. Prior driving while impaired convictions may be offered to show malice and the trial court correctly gave a limiting instruction.

**4. Homicide— second-degree murder—impaired driving and speeding—evidence sufficient**

The trial court did not err by denying defendant's motion to dismiss for insufficient evidence a second-degree murder charge based on impaired driving where defendant contended that the court instructed the jury that it could convict if it found either that defendant was driving while impaired or speeding, that the alternative upon which the jury relied cannot be known, and that

the evidence of speed was insufficient. Five witnesses were able to form an opinion as to defendant's speed and there was sufficient evidence for the jury to determine whether defendant was exceeding the speed limit.

**5. Homicide— second-degree murder—impaired driving and speeding—proximate cause—evidence sufficient**

The trial court did not err by denying defendant's motion to dismiss for insufficient evidence a second-degree murder prosecution based on impaired driving and speeding where defendant contended that the evidence was insufficient to prove proximate cause. If defendant had evidence tending to rebut the State's prima facie case, he could have presented it to the jury.

Appeal by defendant from judgment entered 8 April 1997 by Judge Knox V. Jenkins, Jr. in Johnston County Superior Court. Heard in the Court of Appeals 27 August 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General Wm. Dennis Worley, for the State.*

*Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Charlesena Elliot Walker, for defendant appellant.*

McGEE, Judge.

Defendant appeals his second-degree murder conviction in the death of Barbara Thompson, and his assault with a deadly weapon inflicting serious injury convictions in the injuries of her two daughters. All convictions arose from an automobile collision. The state's evidence tended to show that on 17 October 1995, Barbara Thompson and her daughters were stopped in their vehicle facing west on Holt Pond Road in Princeton, North Carolina, about to make a left-hand turn. A white car was behind the Thompsons' car, waiting for it to turn. Defendant was traveling west and attempted to pass both vehicles. The state's evidence showed that defendant was driving between sixty and sixty-five miles per hour. The posted speed limit was fifty-five miles per hour. Defendant collided with the driver's side of the Thompsons' vehicle, killing Barbara Thompson and injuring her two daughters. The two people in the car behind the Thompsons' car witnessed the accident. A sheriff's deputy driving in the opposite direction observed that defendant's truck was "doing all it could do" and the deputy heard the collision.

Defendant received minor injuries but a passenger in his vehicle was unconscious and was rushed to the hospital. Defendant told rescue personnel that he and his passenger had been drinking. A member of the Princeton Rescue Squad smelled alcohol on defendant and observed alcohol containers in the truck. Defendant was arrested for driving while impaired. Defendant had no driver's license and refused to take an Intoxilyzer test. A blood test revealed defendant had a blood alcohol concentration of 0.129 grams of alcohol per 100 milliliters of blood. Defendant had been convicted of driving while impaired on 14 July 1994 and was convicted of three driving under the influence offenses on 14 July 1980.

Defendant was convicted of the second-degree murder of Barbara Thompson and assault with a deadly weapon inflicting serious injury on Cynthia Thompson and Rebecca Thompson. Defendant was sentenced to 270 months minimum and 333 months maximum for second-degree murder and 58 months minimum and 79 months maximum for each of the assaults. All sentences were in excess of the presumptive sentences allowed under N.C. Gen. Stat. § 15A-1340.17 (1997).

Defendant raises four issues on appeal.

I.

[1] Defendant argues the trial court erred in sentencing by considering an improper aggravating factor. Defendant argues the trial court's consideration of defendant's lack of remorse at the time of the crime violated defendant's state constitutional due process rights and defendant's statutory rights under N.C. Gen. Stat. § 15A-1340 (1997). We disagree.

For each offense defendant was convicted of, the trial court found one aggravating factor: "The defendant knowingly created a great risk of death to more than one person by means of a weapon or device which normally would be hazardous to the lives of more than one person." N.C. Gen. Stat. § 15A-1340.16(d)(8) (1997). Defendant, in arguing his position, relies upon a statement made by the trial court:

> Well, there were three convictions in 1973. I cannot consider the other ones and I am not considering them. But in 1994, a year before, approximately 18 months before this incident, he was before this Court or before some Court, convicted. He went through treatment back in—there were three convictions back in 1970. He went through it again in 1974. His disease is an insidious

STATE v. GRICE

[131 N.C. App. 48 (1998)]

disease. It affects not only him; it affects his family and has caused death and destruction in another family. The thing that has impressed me most about this in a lot of ways, I sat here, just like this jury did, and heard—and saw the evidence. I saw the videotapes and saw at the scene and at the hospital. *And one thing that has been totally missing was remorse. Not one time was there inquiry made, is somebody hurt in that vehicle? Is somebody injured in that vehicle? A total lack of remorse which implies to me a lack of consciousness.* A total disregard for the laws of this State. In the *McBride* case, that has been cited frequently by the State and the Defendant, they define malice in these cases, an act which is inherently dangerous to human life and which is done so recklessly and wantonly to manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief. This time he was driving after his license were [sic] revoked. After he had just been convicted of—in a short period of time before, showed absolutely no remorse whatsoever. I am convinced that by not imposing a lengthy sentence that no one in this county would be safe, because I am convinced that with his attitude and his record and his conduct that he will be on that road again and some other family will be devastated. Stand up, sir.

(emphasis added).

This statement by the trial court does not support defendant's argument. In considering the above language, this statement more closely resembles a comment on defendant's continued pattern of reckless behavior and lack of social duty, than reliance on lack of remorse as an aggravating factor. Our Supreme Court has recognized that a pattern of conduct which causes serious danger to society may properly be considered as an aggravating factor. *State v. Hayes*, 323 N.C. 306, 372 S.E.2d 704 (1988).

Defendant also argues that our Supreme Court's decision in *State v. Parker*, 315 N.C. 249, 337 S.E.2d 497 (1985), and our decision in *State v. Harrell*, 100 N.C. App. 450, 397 S.E.2d 84 (1990), *disc. review denied*, 328 N.C. 94, 402 S.E.2d 422 (1991) support his argument. In *Parker*, the Supreme Court remanded for resentencing because the trial court found as one of two nonstatutory aggravating factors that defendant showed a lack of remorse for his crimes. *Parker* at 253, 337 S.E.2d at 500. In the case at bar, however, defendant points *only* to the language of the trial court as proof of his argument. In *Harrell*, we

STATE v. GRICE

[131 N.C. App. 48 (1998)]

remanded defendant's conviction for resentencing because the trial court took into consideration when sentencing that the defendant had denied his guilt. *Harrell* at 451, 397 S.E.2d at 85. However, in the instant case the trial judge stated that "a total lack of remorse . . . implies to me a lack of consciousness." The trial court is drawing a parallel between defendant's lack of remorse and the element of malice necessary to support a second-degree murder conviction. Consistent with our Supreme Court's decision in *Hayes*, the trial court did not overstep its bounds in commenting on defendant's dangerous pattern of conduct.

For these reasons we find no error.

## II.

[2] Defendant argues that the trial court erred in refusing to instruct the jury on felony death by vehicle. We disagree. The trial court instructed the jury on second-degree murder, involuntary manslaughter, and misdemeanor death by vehicle. These instructions were sufficient.

It is well settled that the elements of involuntary manslaughter and felony death by vehicle are the same. *State v. Williams*, 90 N.C. App. 614, 621, 369 S.E.2d 832, 836, *disc. review denied*, 323 N.C. 369, 373 S.E.2d 555 (1988). In *State v. Byers*, 105 N.C. App. 377, 413 S.E.2d 586 (1992), defendant was convicted of involuntary manslaughter and argued the trial court erred in refusing to submit felony death by vehicle to the jury as a possible verdict. We stated:

> In the present case, the trial court submitted three possible verdicts to the jury—second degree murder, involuntary manslaughter and misdemeanor death by vehicle. Since felony death by motor vehicle is not a lesser included offense of involuntary manslaughter, and since the trial court did submit involuntary manslaughter, the court did not err in not submitting felony death by motor vehicle as a possible verdict.

*Byers* at 380, 413 S.E.2d at 587. When the evidence supports the submission of a lesser included offense, it is error for the judge not to instruct on that offense. *State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988). In the present case, defendant was charged with second-degree murder. Felony death by vehicle is not a lesser included offense of second-degree murder. *Williams* at 621, 369 S.E.2d at 836.

Therefore, we find no error.

STATE v. GRICE

[131 N.C. App. 48 (1998)]

## III.

**[3]** Defendant argues the trial court erred in admitting his prior convictions that were more than ten years old. Defendant filed a motion *in limine* to exclude evidence regarding his three driving under the influence convictions on 14 July 1980. The trial court found that "[t]he probative value of [the convictions] substantially out-weigh[ed] the danger of unfair prejudice," and that "[t]he evidence [was] relevant . . . to show malice." We agree.

Second-degree murder is the unlawful killing of a human being with malice but without premeditation and deliberation. *State v. McBride*, 109 N.C. App. 64, 67, 425 S.E.2d 731, 733 (1993). What constitutes malice varies depending upon the facts of each case. *Id.* Our courts have specifically recognized three kinds of malice:

> One connotes a positive concept of express hatred, ill-will or spite, sometimes called actual, express or particular malice. Another kind of malice arises when an act which is inherently dangerous to human life is done so recklessly and wantonly as to manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief. Both these kinds of malice would support a conviction of murder in the second degree. There is, however, a third kind of malice which is defined as nothing more than "that condition of mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification."

*State v. Reynolds*, 307 N.C. 184, 191, 297 S.E.2d 532 (1982) (citations omitted). It is the second type of malice that is applicable to this case.

Our Court has held that prior conduct such as prior convictions and prior bad acts will be admissible under Rule 404(b) of the North Carolina Rules of Evidence as evidence of malice to support a second-degree murder charge. *McBride* at 69, 425 S.E.2d at 734; *Byers* at 382, 413 S.E.2d at 589. When the state offers such evidence, not to show defendant's propensity to commit the crime, but to show the requisite mental state for a conviction of second-degree murder, admission of such evidence is not error. *Byers* at 382, 413 S.E.2d at 589; *McBride* at 69, 425 S.E.2d 734. Prior driving while impaired convictions may be offered to show malice. *McBride* at 69, 425 S.E.2d at 734.

The trial court further correctly gave the jury a limiting instruction concerning the purpose for which the contested evidence could be considered. Thus, we find no error.

IV.

[4] Defendant argues the trial court erred in denying his motion to dismiss for lack of sufficient evidence. We disagree.

In ruling upon a motion to dismiss, the trial court must consider the evidence in the light most favorable to the state; the state is entitled to every reasonable inference drawn from the facts. *State v. Gibbs*, 335 N.C. 1, 436 S.E.2d 321 (1993), *cert. denied*, 512 U.S. 1246, 129 L. Ed. 2d 881 (1994); *State v. Stanley*, 310 N.C. 332, 339, 312 S.E.2d 393, 397 (1984).

Defendant argues the state did not prove that he was speeding, that he acted with malice, or that he proximately caused the victim's death. We have previously addressed defendant's argument concerning malice and determined that *McBride* governs this issue. We turn to defendant's argument concerning the sufficiency of the evidence pertaining to his speed.

The trial court instructed the jury that to find the defendant guilty of second-degree murder under the impaired driving statute, the state must prove:

(1) defendant was driving a vehicle; (2) that while being operated by defendant, the vehicle was involved in a collision; (3) a person was killed in the collision; (4) defendant violated the following law or laws of this State governing the operation of motor vehicles: the law of this State makes it unlawful to drive while impaired and unlawful to exceed the posted speed limit; (5) defendant acted unlawfully and with malice; and (6) the death of the victim was proximately caused by the unlawful acts of the defendant done in a malicious manner.

N.C.P.I., Crim. 206.32.

As to requirement number four, defendant argues that the evidence was insufficient for the jury to have relied upon defendant's speed as a basis for his conviction. Since the court instructed the jury that it could convict defendant of second-degree murder if it found either that defendant was driving while impaired or speeding, defendant argues that the instruction was improper because it cannot be known which alternative the jury relied upon in convicting defendant.

Defendant relies upon *State v. Lynch*, 327 N.C. 210, 393 S.E.2d 811 (1990), which states that when a jury is given alternative theories upon which to base a verdict, and one of the theories is improper, a new trial is required. However, we believe the evidence presented was sufficient for the jury to weigh the credibility of the witnesses and determine whether defendant's speed was a factor.

N.C. Gen. Stat. § 8C-1 (1992), Rule 701 of the Rules of Evidence, allows for the admission of lay opinion if it is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." The posted speed limit was fifty-five miles per hour. W.T. Freeman, defendant's passenger, testified that defendant's truck was going "[p]robably say somewhere between 50, 55, 60," before impact. Freeman testified that "[w]e were driving along there talking. I won't paying the speed no mind." He also testified that he did not recall defendant applying the brakes before the collision with the victim's vehicle. Marcus Johnson did not actually witness the collision, but passed defendant's truck shortly before the collision occurred. Johnson testified the truck was "going pretty fast . . . [a]t least fifty, fifty-five."

Patrice Martin and her mother, Lorena Foye, were seated in a white car directly behind the victim's car when it was hit. They testified that defendant's truck was traveling sixty-five to seventy miles per hour. Martin testified she was turned around in the passenger's seat checking on one of her sons in the back seat when she saw defendant's truck. She testified that from the time she first saw defendant's truck until the collision, she never took her eyes off defendant's truck. Martin also testified that she did not observe any brake lights on defendant's truck, or hear defendant's tires squealing. Foye testified that as she was waiting for the victim's car to turn left, "I just saw this flash come past my window and as it passed the window, I saw it was a truck and I said, 'Oh my God. What is this man doing?' " Foye further stated:

> Once the truck hit the car, it was going so fast, that it hit the car and it bounced up and rolled over a couple of times and then the car came back down and the truck hit the car again, and that's when it knocked it into the ditch.

Foye testified that from the time she observed defendant's truck pass her until it hit the victim's car, she never took her eyes off it. She further testified that she never saw any brake lights on defendant's

truck, and never heard any tires screeching. Johnston County Sheriff's Deputy Mike Twigg was driving east on Holt Pond Road when he observed the victim's vehicle, parked in the roadway facing west with its turn signal on. Twigg observed defendant's truck as it passed him and as it approached the two vehicles. Twigg testified the truck was going "full throttle" and "doing all that it could." Twigg also testified that prior to the impact there were no brake lights illuminated on defendant's truck and no tires screeching.

The general rule for admission of opinion testimony on speed is that "a person of ordinary intelligence and experience is competent to state his opinion as to the speed of a vehicle when he has had a reasonable opportunity to observe the vehicle and judge its speed." *Insurance Co. v. Chantos*, 298 N.C. 246, 250, 258 S.E.2d 334, 336 (1979). The opportunity of a witness to judge the speed of a vehicle under the circumstances of the case generally goes to the weight of his or her testimony rather than to its admissibility. *Smith v. Stocks*, 54 N.C. App. 393, 283 S.E.2d 819 (1981); *Beaman v. Sheppard*, 35 N.C. App. 73, 239 S.E.2d 864, *disc. review denied*, 294 N.C. 441, 241 S.E.2d 843 (1978). Any person of ordinary intelligence who has had a reasonable opportunity to observe a moving automobile is competent to testify as to that automobile's rate of speed. *Gore v. Williams*, 58 N.C. App. 222, 293 S.E.2d 282 (1982).

In this case, five witnesses were able to form an opinion as to defendant's speed; four of these witnesses observed defendant's truck immediately prior to the collision. Foye, Martin and Twigg testified they did not see brake lights illuminate on defendant's truck, and did not hear defendant's tires squealing in an effort to slow down. We believe there was sufficient evidence for the jury to determine whether defendant was exceeding the speed limit.

[5] Defendant next argues that the evidence was insufficient to prove the element of proximate cause because the State's evidence did not establish that defendant's exceeding the speed limit or driving while impaired caused Mrs. Thompson's death. Defendant's argument is without merit. If defendant had evidence tending to rebut the State's prima facie case, he could have presented it to the jury. "[W]hen the plaintiff makes a prima facie case the defendant, for the first time, faces the possibility of an adverse jury verdict and must decide whether to introduce evidence in order to lessen that possibility." 1 Kenneth S. Broun, Brandis & Broun on North Carolina Evidence § 32 (4th ed. 1993).

The trial court did not err in denying defendant's motion to dismiss for insufficient evidence. The test of the sufficiency of the evidence to withstand the defendant's motion to dismiss "is the same whether the evidence is direct, circumstantial, or both." *State v. Vause*, 328 N.C. 231, 237, 400 S.E.2d 57, 61 (1991). The evidence in this case, including all inferences of fact which may be reasonably deduced therefrom, considered in the light most favorable to the State, was sufficient to take the case to the jury.

No error.

Judges WYNN and HUNTER concur.

This opinion was concurred in by Judge Wynn prior to 1 October 1998.