STATE OF NORTH CAROLINA v. GREGG BRYAN McALLISTER

No. COA99-510

(Filed 6 June 2000)

### 1. Constitutional Law— double jeopardy—convictions for second-degree murder and impaired driving—no violation

The trial court did not violate defendant's double jeopardy rights by sentencing him for second-degree murder under N.C.G.S. § 14-17 and impaired driving under N.C.G.S. § 20-138.1 because: (1) the legislature intended to create two separate

offenses, as evidenced by the fact that second-degree murder is controlled by structured sentencing while punishment for driving while impaired is not; (2) the Court of Appeals has previously allowed upheld convictions for second-degree murder and driving while impaired in the same trial; and (3) driving while impaired is not a lesser included offense of second-degree murder, and malice is not equated with driving while impaired.

**2. Evidence— prior bad acts—driving while impaired—prior conviction—pending charge—malice**

The trial court did not err in a prosecution for second-degree murder and driving while impaired by admitting evidence of defendant's prior conviction and pending charge for impaired driving because: (1) the 1991 conviction was probative of defendant's state of mind and to show malice; and (2) the pending 1997 driving while impaired case is admissible as evidence of malice to support a second-degree murder charge, and the trial court properly instructed that the 1997 incident pertained to a pending trial rather than a conviction. N.C.G.S. § 8C-1, Rule 404(b).

**3. Homicide— second-degree murder—driving while impaired— sufficiency of evidence—malice**

The trial court did not err by denying defendant's motion to dismiss the charge of second-degree murder because: (1) the State need not show that defendant intended to kill in order to establish malice, but instead may meet its burden by showing that defendant had the intent to perform the act of driving in such a reckless manner as reflects knowledge that injury or death would likely result; and (2) the evidence reveals malice since defendant drove while impaired by alcohol and at a time when his license was in a state of permanent revocation, he was previously convicted in 1991 for driving while impaired, and he had a 1997 conviction for driving while impaired that was on appeal.

Appeal by defendant from judgment entered 16 September 1998 by Judge William C. Griffin, Jr. in Superior Court, New Hanover County. Heard in the Court of Appeals 22 February 2000.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Angela H. Brown for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Gregg Bryan McAllister ("defendant") was indicted on charges of second degree murder, two counts of felonious hit and run, driving while license permanently revoked, and driving while impaired.

The State's evidence at trial tended to show the following. Tara Dooley ("the victim") was riding her bicycle on Masonboro Loop Road in New Hanover County at approximately 7:00 p.m. on 25 December 1997. Defendant struck the victim's bicycle with his 1978 Dodge pickup truck while he was traveling at a speed of approximately 35 to 40 miles per hour. The victim's neck was fractured on impact and she died instantly.

Eyewitness Robert A. Millis ("Millis") observed defendant weaving in his lane and driving erratically prior to swerving off the road. Millis heard the sound of "metal on metal" when the truck left the road. Defendant drove several blocks following the impact and then pulled the truck onto the side of the road and stopped. Millis passed defendant's truck and noted something was on the hood. Millis observed a slim man of average height wearing dark clothing and a scarf or bandana tied around his head walk in front of the truck. The man returned to the Dodge truck and drove away. Millis next observed the body of the victim on the side of the road where the truck had stopped. Millis followed the Dodge truck, obtained the license plate number, telephoned 911 for assistance, and returned to the scene to aid the victim. The Sheriff's Department, Emergency Medical Services, and the State Highway Patrol responded to the 911 call and attempted to revive the victim.

At approximately 8:00 p.m., after interviewing Millis, Trooper Moreau went to defendant's house. The Dodge truck was parked outside of the house and the engine was warm. Defendant's mother answered the door and stated that defendant had returned home at approximately 7:30 p.m. that evening. Defendant was asleep on the sofa, wearing dark clothing and a bandana on his head. Trooper Moreau asked defendant to talk with him and observed that defendant's eyes were red, he staggered, and he had an odor of alcohol. Defendant attempted to contact his attorney but his attorney was not accepting telephone calls. Defendant refused to submit to an Intoxilyzer test to determine his alcohol concentration. After obtaining warrants, a blood sample was taken from defendant which showed an alcohol concentration of 0.126, in excess of the 0.08 limit for automobile drivers. Samples of paint taken from the Dodge

pickup truck matched paint samples found on the victim's bicycle. Red paint consistent with the paint on the bicycle was found on the broken front license plate of the truck.

Defendant presented no evidence at trial.

The jury returned a verdict of guilty of second degree murder, felonious hit and run, driving while license permanently revoked, and driving while impaired. The second charge of felonious hit and run was dismissed before submission to the jury. After finding three aggravating factors and no mitigating factors, the trial court imposed an active sentence of a minimum of 251 months with the corresponding maximum of 311 months for second degree murder. Additionally, defendant received the following sentences to run consecutively to the second degree murder sentence: a minimum of eleven months with the corresponding maximum of fourteen months for felonious hit and run; 120 days for driving while license revoked; and twenty-four months for driving while impaired. Defendant appeals from the judgment imposed.

On appeal, defendant argues that the trial court erred in: (1) sentencing him for impaired driving and second degree murder in violation of his Fifth Amendment right to protection from Double Jeopardy; (2) admitting evidence of prior convictions for impaired driving; and (3) denying his motion to dismiss at the close of all the evidence.

**[1]** By his first assignment of error, defendant argues that his Fifth Amendment right to protection from Double Jeopardy was violated when he was punished twice for impaired driving because each element of that offense was necessary to prove the second degree murder offense and he was sentenced for both offenses. We cannot agree.

The Double Jeopardy Clause protects against multiple punishments for the same offense. *State v. Gardner*, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986). However, where the legislature unambiguously expresses its intent to proscribe and punish the same conduct under two separate statutes, the trial court may impose consecutive sentences in a single trial. *Id.* at 453, 340 S.E.2d at 708.

Double jeopardy bars additional punishment where the offenses have the same elements or when one offense is a lesser included offense of the other. *State v. Hill*, 287 N.C. 207, 214 S.E.2d 67 (1975).

On the other hand, where each offense requires proof of an additional element not included in the other, the offenses are distinct and the defendant may be prosecuted and punished for each offense. *State v. Martin*, 47 N.C. App. 223, 231, 267 S.E.2d 35, 40, *disc. review denied*, 301 N.C. 238, 283 S.E.2d 134 (1980). "If . . . a single act constitutes an offense against two statutes and each statute requires proof of an additional fact which the other does not, the offenses are not the same in law and in fact and a defendant may be convicted and punished for both." *Id.*

The elements of second degree murder are:

1. Killing;

2. Another human being;

3. With malice.

N.C. Gen. Stat. § 14-17 (1999); *State v. McBride*, 109 N.C. App. 64, 425 S.E.2d 731 (1993). The elements of impaired driving are:

1. Driving

2. A vehicle

3. On a highway, street, or public vehicular area:

   (a) While under the influence of an impairing substance; or

   (b) After consuming a sufficient quantity of alcohol that the person has an alcohol concentration of 0.08 or more at any relevant time after driving.

N.C. Gen. Stat. § 20-138.1 (1999).

In the present case, defendant argues that the legislature did not intend for consecutive sentences to be imposed for impaired driving and second degree murder in that they are based on the same evidence and are therefore the same offense. Specifically, defendant contends that the State relied on the same evidence to prove that defendant drove while impaired and that defendant had the requisite malice for second degree murder.

We disagree and believe that the legislature intended to create two separate offenses. We note that punishment for second degree murder is controlled by structured sentencing while punishment for driving while impaired is exempted from the structured sentencing provisions. Furthermore, in *McBride*, 109 N.C. App. 64, 425 S.E.2d

731, this Court found that the trial court did not err in sentencing the defendant to driving while impaired and second degree murder in the same trial. In *McBride*, sufficient evidence of malice existed in a second degree murder prosecution where, among other factors, the defendant drove while impaired after prior convictions for driving while impaired, and the defendant drove while his license was revoked.

In essence, defendant argues that driving while impaired is a lesser included offense of second degree murder. We are not persuaded that malice can be equated with driving while impaired. Indeed, there was evidence to support a finding of malice in the present case other than the fact that defendant was driving while impaired on 25 December 1997. Like the defendant in *McBride*, defendant's license had been revoked and defendant had been convicted of driving while impaired in the past. We conclude the trial court did not err in sentencing defendant for both impaired driving and second degree murder.

[2] By his second and third assignments of error, defendant challenges the trial court's ruling as to the admissibility of certain evidence. Specifically, defendant argues that the trial court erred in admitting evidence of a 1991 prior conviction for impaired driving because the conviction was too remote to be relevant evidence of defendant's state of mind; and a 1997 impaired driving conviction where the conviction was on appeal and a trial *de novo* had not yet been scheduled. We hold that the trial court did not err in admitting evidence of the two convictions.

According to Rule 404(b) of the North Carolina Rules of Evidence:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (1999). Rule 404(b) has been characterized as a rule of inclusion, such that evidence will only be excluded under the rule if its only probative value is "to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 278-79,

389 S.E.2d 48, 54 (1990). The demonstration of malice is a proper purpose for admission of evidence of other crimes, wrongs, or acts by the defendant. *State v. Jones*, 133 N.C. App. 448, 516 S.E.2d 405 (1999).

The admission of evidence under Rule 404(b) is guided by the constraints of similarity and temporal proximity. *State. v. Artis*, 325 N.C. 278, 299, 384 S.E.2d 470, 481 (1989), *judgment vacated on other grounds*, 494 U.S. 1023, 108 L. Ed. 2d. 604 (1990), *on remand*, 329 N.C. 679, 406 S.E.2d 827 (1991). "When the features of the earlier act are dissimilar from those of the offense with which the defendant is currently charged, such evidence lacks probative value. When otherwise similar offenses are distanced by significant stretches of time, commonalities become less striking[.]" *Id.*

Defendant was convicted in 1991 for driving while impaired. In the case at bar, defendant was charged with driving while impaired. Given that the offenses are identical, the 1991 conviction is probative of defendant's state of mind in the present case. Furthermore, prior convictions for driving while impaired which were over ten years old have been held admissible to show malice. *See, e.g., State v. Grice*, 131 N.C. App. 48, 505 S.E.2d 166 (1998), *disc. review denied*, 350 N.C. 102, 533 S.E.2d 473 (1999). In *Grice*, this Court noted that the trial court properly gave a limiting instruction regarding the purpose for which the evidence could be considered. Likewise, in the present case, the trial court correctly instructed the jury concerning the purpose for which the Rule 404(b) evidence could be used: "This evidence was received solely for the purpose of showing the state of mind or intent that is a necessary element of the offense charge [sic] in this case." We conclude that the trial court did not err in admitting evidence of the 1991 impaired driving conviction.

Regarding the 1997 impaired driving conviction, defendant argues that the trial court erred in admitting evidence of the conviction for the purpose of proving malice in a second degree murder prosecution where the conviction was on appeal and a trial *de novo* in Superior Court was not yet scheduled. Defendant reasons that because a conviction has not taken place, there is no valid evidence of his state of mind, and asserts that the only state of mind that may be imputed to defendant is an innocent one. We cannot agree.

Defendant concedes that a line of cases including *State v. Byers*, 105 N.C. App. 377, 413 S.E.2d 586 (1992), supports the admission of the challenged evidence, but asks this Court to distinguish cases such as *Byers* from the case at bar on the basis that they involved prior

convictions or bad acts where the defendant had been found guilty. In contrast, defendant in the present case had not yet been tried.

However, this Court has previously rejected defendant's argument by holding that pending charges as well as prior convictions are admissible under Rule 404(b) as evidence of malice to support a second degree murder charge. *Byers*, 105 N.C. App. 377, 413 S.E.2d 586 (holding that the trial court did not err in admitting evidence that the defendant had a pending charge for driving while impaired in order to show malice in a second degree murder prosecution); *see also Jones*, 133 N.C. App. 448, 516 S.E.2d 405 (holding that evidence of the defendant's pending driving while impaired charge was admissible in order to show malice in a first degree murder trial).

Where the State does not offer evidence of a pending charge to show defendant's propensity to drive while impaired, but to show the requisite mental state for a conviction of second degree murder, the trial court does not err by admitting such evidence. As in *Byers*, the trial court in the instant case admitted evidence of a pending driving while impaired charge for the limited purpose of proving malice, an element of second degree murder. We do not believe that the instant case is distinguishable from *Byers* on the ground that defendant in the instant case was convicted of driving while impaired, appealed, and was awaiting a trial *de novo*.

Finally, the merit of defendant's argument is further weakened because the trial court instructed the jury in the present case that the 1997 incident pertained to a pending trial rather than a conviction. The court's instruction clearly communicated that defendant had not been convicted and that the evidence was admitted for the limited purpose of showing state of mind or intent. We hold that the trial court did not err in admitting the 1997 impaired driving conviction.

**[3]** By his fourth assignment of error, defendant argues that the trial court erred in denying defendant's motion to dismiss at the close of all the evidence where there was insufficient evidence of malice in support of the second degree murder charge. We cannot agree.

In ruling on a motion to dismiss, the trial court must view all of the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from the evidence. *State v. Dick*, 126 N.C. App. 312, 317, 485 S.E.2d 88, 91, *disc. review denied*, 346 N.C. 551, 488 S.E.2d 813 (1997). A motion to dismiss must be denied where substantial evidence exists of each essen-

tial element of the crime charged and of the defendant's identity as the perpetrator. *State v. Vause*, 328 N.C. 231, 400 S.E.2d 57 (1991). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Williams*, 127 N.C. App. 464, 467, 490 S.E.2d 583, 586 (1997) (citations omitted).

As previously stated, the elements of second degree murder are the killing of another human being with malice but without premeditation and deliberation. Sufficient evidence of malice exists to establish second degree murder where the defendant's acts show cruelty, recklessness of consequences, a mind regardless of social duty and deliberately bent on mischief, or manifest a total disregard for human life. *State v. Rich*, 351 N.C. 386, 527 S.E.2d 299 (2000); *State v. Wilkerson*, 295 N.C. 559, 247 S.E.2d 905 (1978). The State need not show that the defendant intended to kill in order to establish malice for second degree murder, but instead may meet its burden by showing that the defendant "had the intent to perform the act of driving in such a reckless manner as reflects knowledge that injury or death would likely result, thus evidencing depravity of mind." *Rich*, 351 N.C. at 395, 527 S.E.2d at 304.

In the present case, defendant drove while impaired by alcohol and at a time when his license was in a state of permanent revocation. The uncontested evidence is that defendant drove his pickup truck erratically, swerved off the road, and struck the victim's bicycle while he was traveling at a speed of approximately 35 to 40 miles per hour. As a result of defendant's acts, the victim's neck was fractured and she died instantly. Furthermore, defendant was previously convicted of driving while impaired in 1991, and a 1997 conviction for driving while impaired was on appeal. Viewing the evidence in the light most favorable to the State, we hold that defendant's acts manifested recklessness of consequences and a total disregard for human life. As such, substantial evidence of malice existed in support of the second degree murder charge. We conclude that the trial court did not err in denying defendant's motion to dismiss at the close of all the evidence.

For the reasons stated herein, we find that defendant received a trial free from prejudicial error.

No error.

Judges GREENE and WALKER concur.