STATE OF NORTH CAROLINA v. ROBBIE ALEXANDER JACKIE LLOYD, DEFENDANT

No. COA06-1514

(Filed 6 November 2007)

**1. Evidence— prior crimes or bad acts—prior refusal to submit to breath test—DWI arrest and conviction—suspended license**

The trial court did not abuse its discretion in a felonious operation of motor vehicle while fleeing to elude arrest, possession of a stolen motor vehicle, larceny of motor vehicle, and double second-degree murder case by admitting testimony regarding defendant's prior refusal to submit to a breath test and his DWI arrest and conviction because whether defendant knew that he was driving with a suspended license tended to show that he was acting recklessly, which in turn tended to show malice, which was an element of second-degree murder.

**2. Motor Vehicles— instruction—consideration of previous DWI conviction—malice**

The trial court did not err in a felonious operation of motor vehicle while fleeing to elude arrest, possession of a stolen motor vehicle, larceny of motor vehicle, and double second-degree murder case by its instruction as to whether the jury could consider

**STATE v. LLOYD**

[187 N.C. App. 174 (2007)]

the fact of defendant's previous DWI conviction for the purpose of establishing malice, because: (1) contrary to defendant's contention, a review of the instructions did not reveal any ambiguity when the trial court specifically stated the DWI evidence was received solely for the purpose of showing that defendant had the knowledge that his license was suspended on 17 August 2004; and (2) defendant's reliance on the dissent in *Locklear*, 159 N.C. App. 588 (2003), was misplaced since this case is distinguishable both based on the fact that proof of malice was defendant's knowledge of his suspended license, and the prior stop took place less than a month before the stop at issue instead of occurring four years prior.

**3. Motor Vehicles— instruction—refusal to submit misdemeanor death by vehicle**

The trial court did not err in a double second-degree murder case by refusing defendant's request to submit the lesser-included charge of misdemeanor death by vehicle because, assuming there was error, a review of the possible verdicts submitted to the jury and the jury's ultimate verdict of guilty of second-degree murder revealed that such error was harmless.

**4. Homicide— second-degree murder—motion to dismiss—sufficiency of evidence—malice**

The trial court did not err by refusing to grant defendant's motion to dismiss the second-degree murder charges based on alleged insufficient evidence of malice because the evidence revealed that: (1) defendant knew his license was revoked and proceeded to drive regardless of this knowledge, indicating he acted with a mind regardless of social duty and with recklessness of consequences; (2) defendant took the car without permission indicating a mind bent on mischief; and (3) the very act of fleeing from the police constituted malice.

**5. Motor Vehicles— driving while license revoked—license suspended—terms used synonymously**

Although defendant contends there was a fatal variance between the indictment which stated that defendant was driving while his license was revoked and the proof offered at trial that his license was suspended, this assignment of error is dismissed because defendant conceded in his brief that the terms are used synonymously under N.C.G.S. § 20-4.01(47).

STATE v. LLOYD

[187 N.C. App. 174 (2007)]

## 6. Appeal and Error— preservation of issues—failure to argue

Although defendant challenged the indictment for possession of a stolen motor vehicle, this assignment of error is dismissed, because defendant's contentions contained no real argument as required by N.C. R. App. P. 28(b)(6).

Appeal by defendant from judgment entered 13 July 2006 by Judge R. Stuart Albright in Richmond County Superior Court. Heard in the Court of Appeals 7 June 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Allison A. Pluchos, for the State.*

*Crumpler, Freedman, Parker, & Witt, by Vincent F. Rabil, for defendant.*

ELMORE, Judge.

On 17 August 2004, Robbie Alexander Jackie Lloyd (defendant) stole a green Dodge van. The police received an alert, and upon observing the stolen vehicle, Deputy Dennis Smith gave chase. The van started to turn onto an exit ramp before veering back onto the highway. The van then made a right turn into a driveway. When Deputy Smith activated his blue lights and siren, however, defendant accelerated, circled through a front yard, and drove back onto the highway.

Driving approximately 85-90 miles per hour, defendant passed several cars, despite the fact that he was in a no-passing zone and there was oncoming traffic of three large trucks and a white vehicle. The white vehicle slammed on its brakes and swerved to the side of the road. Shortly thereafter, the van slammed on its brakes and flipped over, colliding with a silver station wagon that was coming over a hill. Both occupants of the silver vehicle subsequently died. Defendant's license was suspended at the time of the accident.

On 7 September 2004, defendant was indicted for operation of motor vehicle while fleeing to elude arrest, possession of a stolen motor vehicle, larceny of motor vehicle, and second degree murder of both George Henry Steele, Jr., and Carol Ries Steele. On 13 July 2006, defendant was convicted of felonious operation of motor vehicle while fleeing to elude arrest, possession of a stolen motor vehicle, larceny of motor vehicle, and second degree murder of both victims. Defendant now appeals.

**[1]** Defendant first argues that the trial court erred by improperly admitting testimony regarding defendant's prior refusal to submit to a breath test and his DWI arrest and conviction. We disagree.

At trial, Trooper Lee Edward Sampson, Jr., testified that on 27 March 2004 he stopped defendant and arrested him for driving while intoxicated; that defendant's license was suspended at the time of the stop and that defendant admitted to knowing it was suspended at that time; and that defendant refused to undergo a breath test despite the trooper's warning that refusal would result in further loss of driving privileges. On objection, the trial court allowed the admission of the evidence for the purpose of showing defendant's knowledge that his license was suspended and to show malice. The trial court issued the following instructions to the jury:

> Evidence has been received tending to show that on March 27, 2004 the defendant was warned that his license would be suspended if he refused to blow into an Intoxylizer; that the defendant did refuse to do so, and that on May 13, 2004 he was convicted of driving while impaired.

> This evidence was received solely for the purpose of showing that the defendant had the knowledge that his license was suspended on August 17, 2004, which is a necessary element of one of the crimes charged in this case.

> Evidence has also been received tending to show that on March 27, 2004, the defendant was driving while his license was suspended. This evidence was received solely for the purpose of showing, first, that the defendant had the knowledge that his license was suspended on August 17, 2004, which is a necessary element of one of the crimes charged in this case, and, second, that the defendant had malice, which is also a necessary element of one of the crimes charged in this case.

> If you believe this evidence, you may consider it, but only for the limited purpose for which it was received.

Defendant's argument is somewhat muddled and freely conflates Rules 401 through 404 of our Rules of Evidence. His first argument appears to be that the facts of his prior bad acts were not "sufficiently similar to the underlying offense" to justify the admission of the testimony and are thus irrelevant, in violation of Rule 402. N.C. Gen. Stat. § 8C-1, Rule 402 (2005). "Evidence is relevant if it has any logical tendency, however slight, to prove a fact in issue in the case."

*State v. Sloan*, 316 N.C. 714, 724, 343 S.E.2d 527, 533 (1986). Whether defendant knew that he was driving with a suspended license tends to show that he was acting recklessly, which in turn tends to show malice. *State v. Jones*, 353 N.C. 159, 173, 538 S.E.2d 917, 928 (2000). Malice is an essential element of second degree murder. *State v. Bethea*, 167 N.C. App. 215, 218, 605 S.E.2d 173, 177 (2004). Thus, evidence that defendant was knowingly operating a motor vehicle without a valid license was relevant to the crime he was being tried for, and defendant's contention is without merit.

Defendant next argues that even if the evidence were relevant, it should have been excluded by Rule 404(b) as evidence which had no purpose other than to show that defendant had a propensity to drive recklessly. However, the record reveals that the evidence showing that defendant was aware of his licensure suspension was offered solely for the purpose of showing intent, a permissible purpose under Rule 404(b). N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005).

Defendant also contends that even if the evidence was relevant and offered for a permissible purpose under Rule 404(b), it should have been excluded because the danger of unfair prejudice substantially outweighed its probative value. N.C. Gen. Stat. § 8C-1, Rule 403 (2005). Because the evidence was fundamental to proving that defendant acted with malice, it was clearly highly probative. Additionally, the danger of unfair prejudice was significantly mitigated by the trial court's limiting instruction. Therefore, on the record before us, we conclude that the trial court did not abuse its discretion by admitting evidence that defendant knew that his license was suspended.

[2] Defendant also contends that the trial judge's instructions were ambiguous as to whether the jury could consider the fact of defendant's previous DWI conviction for the purpose of establishing malice. A review of the instructions reveals no such ambiguity. The trial court specifically stated that the DWI "evidence was received *solely* for the purpose of showing that the defendant had the knowledge that his license was suspended on August 17, 2004." (Emphasis added). This argument is without merit.

Moreover, defendant's attempted reliance on the dissenting opinion in *State v. Locklear*, 159 N.C. App. 588, 583 S.E.2d 726 (2003), is misplaced. In that case, the fact of the defendant's prior DWI was itself presented as evidence of malice. *Id.* at 592, 583 S.E.2d at 729. Moreover, the prior stop had occurred four years before the stop at issue in *Locklear*. *Id.* This case is clearly distinguishable, both

because the proof of malice was defendant's knowledge of his suspended license, and because the prior stop took place less than a month before the stop at issue. Defendant's argument is without merit.

**[3]** Defendant next contends that the trial court erred by refusing to submit the lesser charge of misdemeanor death by vehicle, which defendant requested. Even were we to find error, however, defendant cannot show prejudice.

A trial court must submit a lesser charge to the jury "if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and acquit him of the greater." *State v. Holmes*, 142 N.C. App. 614, 619, 544 S.E.2d 18, 21 (2001) (quotations and citations omitted). However, a trial court must refuse to do so "when all the evidence tends to show that defendant committed the crime charged in the bill of indictment and there is no evidence of the lesser-included offense." *Id.*

"Assuming *arguendo* it was error not to instruct on [the lesser charge], a review of the possible verdicts submitted to the jury and the jury's ultimate verdict reveals that such error was harmless." *State v. Leach*, 340 N.C. 236, 239, 456 S.E.2d 785, 787 (1995). When faced with the choice between second degree murder and involuntary manslaughter, the jury convicted defendant of second degree murder. It is clear that the additional option of misdemeanor death by vehicle would not have made a difference in defendant's trial. "Thus, even if it was error to fail to instruct the jury in this case regarding [misdemeanor death by vehicle], such error was harmless." *Id.* at 240, 456 S.E.2d at 788.

**[4]** Defendant next claims that the trial court erred in refusing to grant his motion to dismiss the second degree murder charges for insufficient evidence. Specifically, defendant argues that there was insufficient evidence of malice. Defendant is incorrect.

Defendant attempts to rely on *Bethea*, noting that the *Bethea* court found that there was sufficient evidence of malice, but claiming that the defendant in that case was guilty of more egregious conduct than he was in the present case. However, we need not engage in fine tuning exactly how fast a defendant must be driving, or how many stop signs or red lights he must run to provide sufficient evidence of malice. "[D]efendant knew his license was revoked and proceeded to drive regardless of this knowledge[,] indicat[ing] defendant acted

with 'a mind regardless of social duty' and with 'recklessness of consequences.' We further find the evidence tending to show defendant took the car without permission . . . indicates a mind 'bent on mischief.' " *State v. Byers*, 105 N.C. App. 377, 382, 413 S.E.2d 586, 589 (1992). Finally, the very act of fleeing from the police certainly constitutes malice. There was more than sufficient evidence to support the malice element of the charge.

[5],[6] Although defendant claims that there was a fatal variance between the indictment, which stated that defendant was driving while his license was *revoked*, and the proof offered at trial, which was that his license was *suspended*, we note that a mere seven pages earlier in his brief defendant concedes that under our statutes, the two terms are "used synonymously". N.C. Gen. Stat. § 20-4.01(47) (2005). Given the statutory language and defendant's acknowledgment of it, we need not discuss this issue further. Likewise, defendant's contentions regarding his indictment for possession of a stolen motor vehicle contain no real argument; defendant claims that he "presents this argument . . . for the Court's review to preserve the issue for further review if necessary." "Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(6) (2007). We find no error in defendant's case.

No error.

Judges STEELMAN and STROUD concur.