STATE OF NORTH CAROLINA v. ANTHONY PIERCE

No. COA10-1588

(Filed 18 October 2011)

**1. Homicide—second-degree murder—definition—assaulting and wounding**

"Assaulting" and "wounding" are not included in the definition of second-degree murder.

**2. Homicide—second-degree murder—high speed chase— malice—death of officer**

The trial court did not err by denying's defendant's motion to dismiss a charge of second-degree murder based on the alleged absence of malice where the circumstances of defendant's intentional flight from an officer reflected knowledge that injury or death would likely result. The death of an officer who was en route to join the pursuit was not so far beyond the circumference of defendant's reckless actions as to absolve defendant of liability.

**3. Homicide—second-degree murder—proximate cause—officer joining high speed chase**

The trial court did not err by denying defendant's motion to dismiss a second-degree murder charge based on insufficient evidence of proximate cause where defendant fled from one officer and another officer who was on his way to join the chase encountered an obstruction in the road and was killed. The evidence was sufficient for a reasonable jury to conclude that the death would

not have occurred if defendant had stopped for the first officer and that a result such as the death of the second officer was reasonably foreseeable under the circumstances.

**4. Evidence—high speed chase—officer's death—second-degree murder—officer's negligence—irrelevant**

The trial court did not err in a second-degree murder prosecution by excluding evidence of negligence by an officer killed in an automobile chase of defendant. The officer's alleged negligent conduct was relevant only insofar as it could have constituted an intervening or superseding cause that alone produced the injury. That was clearly not the case here.

**5. Homicide—fleeing to elude arrest causing death—instructions**

The trial court did not err when charging the jury on fleeing to elude arrest causing death because the court was no longer required to refer to material evidence and law in its instructions and the evidence was sufficient to allow a reasonable jury to conclude that defendant's flight proximately caused the officer's death.

**6. Firearms and Other Weapons—possession of a firearm by a felon—evidence sufficient**

The evidence in a prosecution for possession of a firearm by a felon was sufficient to show that defendant possessed a shotgun found in his house, but not sufficient to show possession of a firearm thrown from defendant's vehicle during a chase.

**7. Evidence—police dash cam video—admission not prejudicial**

The admission of evidence from video recording devices in cars was not prejudicial where, assuming that admission of the evidence was error, defendant did not show prejudice.

**8. Evidence—other crimes—knowledge and motive**

The trial court did not err by admitting evidence of other crimes where defendant did not properly object to some of the evidence, other evidence showed defendant's knowledge of the dangers of flight from the police, and still other evidence showed defendant's motive to flee from the police.

Appeal by Defendant from judgments entered 6 May 2010 by Judge Phyllis M. Gorham in New Hanover County Superior Court. Heard in the Court of Appeals 28 September 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*William H. Dowdy for Defendant.*

STEPHENS, Judge.

*Factual and Procedural Background*

Defendant Anthony Pierce ("Pierce") was indicted on two counts of possession of a firearm by a felon and one count each of second-degree murder, felonious fleeing to elude arrest with a motor vehicle, and possession of marijuana with intent to distribute. Pierce pled not guilty to the charges and was tried before a jury in New Hanover County Superior Court, the Honorable Phyllis M. Gorham presiding.

The evidence presented at trial tended to show the following: In the early morning of 18 February 2009, Corporal William Richards of the Wilmington Police Department ("WPD") was patrolling Wilmington in a marked police vehicle when he observed a silver sport-utility vehicle ("SUV") matching the description of a vehicle sought in connection with an attempted kidnapping. After following the SUV for several blocks, Corporal Richards lost sight of the vehicle, only to find it shortly thereafter parked with another vehicle in the parking lot of a closed business. Thinking the SUV and the other vehicle were conducting a drug transaction, Corporal Richards pulled into a nearby parking lot to further observe the SUV. As soon as Corporal Richards pulled in the lot, however, he observed the SUV "accelerating rapidly" on to the main road. Corporal Richards followed the SUV for roughly a mile until turning on his lights to conduct a traffic stop. The SUV pulled to the side of the road, but before Corporal Richards could get out of his vehicle, the SUV "took off."

As Corporal Richards pursued the SUV, packages of marijuana were thrown from the SUV. Following a roughly three-mile chase, the SUV slowed and stopped on the side of the road. Corporal Richards approached the SUV and ordered the occupants to exit. The driver, Pierce, and the two other occupants exited the SUV and were arrested by WPD officers.

Throughout the pursuit of Pierce's SUV, Corporal Richards communicated with the WPD dispatcher and nearby officers and relayed the locations and details of the pursuit. Officer Richard Matthews, who was only a few miles from the chase, responded to Corporal Richards' communications and drove toward the area of pursuit to

assist Corporal Richards. However, while traveling at high speeds toward the chase, Officer Matthews swerved to avoid debris in the road, lost control of his vehicle, and died when his vehicle went "over the median" and ended up "heavily impacted into the tree line." Officer Matthews was between two and three miles from the location of the onset of the pursuit when he perished.

Other WPD officers who responded to Corporal Richards' communications located the marijuana packages thrown from Pierce's SUV and a firearm subsequently traced to one of the occupants of the SUV along the pursuit route. In a later search of Pierce's residence, police officers discovered a shotgun and ammunition, $1,000 in cash, and a set of digital scales.

At trial, Pierce declined to present any evidence, and, after the trial court denied Pierce's motions to dismiss, the court instructed the jury on the charges of second-degree murder and involuntary manslaughter for the death of Officer Matthews, possession of a firearm by a felon, possession of marijuana, and fleeing to elude arrest causing death. The jury returned verdicts finding Pierce guilty of two counts of possession of a firearm by a felon, and one count each of second-degree murder, possession of marijuana with intent to sell or deliver, and fleeing to elude arrest resulting in death. The trial court sentenced Pierce to 189 to 236 months imprisonment for second-degree murder, 15 to 18 months imprisonment for each charge of possession of a firearm by a felon, 29 to 44 months imprisonment for fleeing to elude arrest, and six to eight months imprisonment for possession of marijuana with intent to sell or deliver. Pierce gave notice of appeal in open court.

*Discussion*

On appeal, Pierce argues five main issues: (1) that he was improperly convicted of second-degree murder; (2) that he was improperly convicted of speeding to elude arrest causing death; (3) that the trial court erroneously denied his motion to dismiss the charges of possession of a firearm by a felon; (4) that the trial court improperly admitted evidence of video recordings from the WPD squad cars; and (5) that the trial court improperly admitted "other crimes evidence." We address each issue separately below.

*I. Second-degree murder*

Pierce makes several arguments regarding the alleged impropriety of his second-degree murder conviction for the death of Officer

Matthews: that the murder charge was unconstitutional; that instructing the jury on second-degree murder was plain error; that overruling Pierce's objections to parts of the second-degree murder instruction was error; that the trial court erred by denying Pierce's motions to dismiss the second-degree murder charge; and that Pierce did not receive effective assistance of counsel because trial counsel failed to object to the second-degree murder instruction.

**[1]** Initially, we note that Pierce predicates several of these arguments on the assertion that "assaulting" and "wounding" of the victim are "essential elements" of second-degree murder. However, as correctly pointed out by the State, these two "elements" are not included in this State's definition of second-degree murder. *See, e.g., State v. Bethea,* 167 N.C. App. 215, 218, 605 S.E.2d 173, 177 (2004) ("The elements of second-degree murder are: 1. defendant killed the victim; 2. defendant acted intentionally and with malice; and 3. defendant's act was a proximate cause of the victim's death." (internal quotation marks omitted)), *cert. denied,* 362 N.C. 88, ___ S.E.2d ___ (2007); *see also State v. Wilkerson,* 295 N.C. 559, 581, 247 S.E.2d 905, 917 (1978) (questioning "the universal applicability of the statement[] . . . that 'an intent to inflict a wound which produces a homicide is an essential element of murder in the second degree' " ). Accordingly, to the extent Pierce's arguments are based on this misstatement of law, those arguments are overruled.

**[2]** Pierce also argues that the trial court erred by denying his motion to dismiss the second-degree murder charge because (1) there was insufficient evidence of malice, and (2) there was insufficient evidence that Pierce's flight from Corporal Matthews was the proximate cause of Officer Richards' death.

As for Pierce's first contention, this Court has previously stated that "the very act of fleeing from the police certainly constitutes malice." *State v. Lloyd,* 187 N.C. App. 174, 180, 652 S.E.2d 299, 302 (2007). Furthermore, in *Bethea,* this Court inferred malice from the actions of a defendant who

[drove] with a revoked license, fled to elude law enforcement officers, sped through a red light and several stop signs, drove at speeds up to one hundred miles per hour, crossed into the oncoming traffic lane several times, and turned his car lights off on dark rural roads, decreasing his own visibility and making his car extremely difficult to see, while traveling at speeds between ninety and ninety-five miles per hour.

167 N.C. App. at 219, 605 S.E.2d at 177. In that case, an officer in a vehicle pursuing the defendant was killed when his vehicle struck the defendant's vehicle and then "impacted a concrete marker and a tree." *Id.* at 217, 605 S.E.2d at 176. The Court reasoned that the defendant's actions, along with a "mind unclouded by intoxicating substances that might have hindered his ability to appreciate the danger of his actions," showed an "intent to perform the act of driving in such a reckless manner as reflects knowledge that injury or death would likely result, thus evidencing depravity of mind." *Id.* at 219-20, 605 S.E.2d at 177. Similarly, in this case, Pierce's intentional flight from Corporal Richards—which included driving 65 miles per hour in a residential area with a speed limit of 25 miles per hour and throwing bags of marijuana out the window of the vehicle—reflected knowledge that injury or death would likely result and manifested depravity of mind and disregard of human life. *Id.* Accordingly, we conclude that the evidence, viewed in the light most favorable to the State, was sufficient to allow the jury to infer malice from Pierce's intentional flight from Corporal Richards.

Nevertheless, Pierce argues that "[t]he State's claim of malice could not be based on [Pierce's] actions during the pursuit, since [Officer] Matthews was not in the pursuit, [] nor on any facts and circumstances of [O]fficer Matthews' death []because [Pierce] was miles away[]." This argument is unpersuasive. While we acknowledge there is some case law to suggest that proximity is a factor in determining malice,[1] we cannot conclude in this case that Officer Matthews—or, more specifically, the harm that befell him—was so far beyond the circumference of Pierce's reckless actions as to absolve Pierce of liability for Officer Matthews' death. Common experience easily permits the inference that Pierce foresaw as a consequence of his flight that nearby officers other than Corporal Richards would attempt to apprehend Pierce during his flight. Clearly, then, the circumstances of this case—specifically Pierce's reckless flight, Officer Matthews' proximity to the chase, and the danger inherent in a motor vehicle pursuit— were sufficient to permit a reasonable jury to infer Pierce's conscious indifference to the reasonably apparent probability of harm to an officer such as Officer Matthews. Accordingly, we conclude that the trial court's denial of Pierce's motion to dismiss was not erroneous based on an alleged absence of malice.

---

1. *See State v. Locklear*, 159 N.C. App. 588, 591-92, 583 S.E.2d 726, 729 (2003) (noting our Supreme Court's approval of the following definition of implied malice: "conscious indifference to consequences wherein probability of *harm to another within the circumference of such conduct* is reasonably apparent, though no harm to such other is intended" (emphasis added)), *aff'd per curiam*, 359 N.C. 63, 602 S.E.2d 359 (2004).

[3] Pierce next contends there was insufficient evidence that his flight from Corporal Richards was the proximate cause of Officer Matthews' death. Proximate cause is defined

> as a cause: (1) which, in a natural and continuous sequence and unbroken by any new and independent cause, produces an injury; (2) without which the injury would not have occurred; and (3) from which a person of ordinary prudence could have reasonably foreseen that such a result, or some similar injurious result, was probable under the facts as they existed.

*State v. Hall*, 60 N.C. App. 450, 454-55, 299 S.E.2d 680, 683 (1983).

In this case, the evidence, viewed in the light most favorable to the State, shows that Pierce fled from Corporal Richards' attempted lawful stop and, in doing so, created a police exigency; that Officer Matthews, a nearby WPD officer, was informed of the exigency and sped to provide assistance and apprehend Pierce; that on his way, Officer Matthews encountered an obstruction in the road, was unable to safely avoid the obstruction due to his speed, and perished after unsuccessfully attempting to avoid the obstruction. In our view, this evidence was sufficient to allow a reasonable jury to conclude (1) that Officer Matthews' death would not have occurred had Pierce remained stopped after Corporal Richards pulled him over, and (2) that an injurious result such as Officer Matthews' death was reasonably foreseeable under the circumstances. *Cf. Bethea*, 167 N.C. App. at 220, 605 S.E.2d at 178 (holding that the evidence taken in the light most favorable to the State showed that the victim's death "would not have occurred had [the] defendant stopped when [an officer] activated his blue light"). Accordingly, we overrule Pierce's argument that the trial court erred in denying his motion to dismiss the second-degree murder charge on the ground that there was insufficient evidence to show that Pierce's flight proximately caused Officer Matthews' death.

[4] Irrespective of the sufficiency of the evidence supporting that charge, Pierce argues that his conviction for second-degree murder should be overturned because the trial court unconstitutionally barred him from presenting a full defense by excluding evidence allegedly tending to show that Officer Matthews was negligent in speeding to the pursuit and, therefore, was the cause of his own death. However, our Supreme Court has previously held that "contributory negligence [] has no place in the law of crimes," such that Officer Matthews' alleged negligent conduct could only absolve Pierce of criminal liability if Officer Matthews "met [his] death wholly

as a result of [his] own conduct." *State v. Foust*, 258 N.C. 453, 459, 128 S.E.2d 889, 894 (1963). Accordingly, evidence of Officer Matthews' alleged negligence was only relevant insofar as his conduct could have constituted an intervening or superseding cause that so entirely intervened in or superseded "the operation of [Pierce's] negligence that it alone, without [Pierce's] negligence contributing thereto in the slightest degree, produce[d] the injury." *Bethea*, 167 N.C. App. at 222, 605 S.E.2d at 179 (quoting *Cox v. Gallamore*, 267 N.C. 537, 544, 148 S.E.2d 616, 621 (1966)). Clearly that was not the case here. Assuming Officer Matthews' conduct was in some way negligent, no reasonable person could conclude that Officer Matthews' conduct—which was undertaken in response to the exigency created by Pierce—"so entirely intervened in or superseded the operation of [Pierce's] reckless flight . . . as to constitute the sole cause of [Officer Matthews'] death." *Bethea*, 167 N.C. App. at 222, 605 S.E.2d at 179; *see also State v. Hollingsworth*, 77 N.C. App. 36, 39, 334 S.E.2d 463, 466 (1985) (holding that a "*concurring* proximate cause" does not "insulate [a] defendant from criminal liability" (emphasis in original)). Accordingly, we conclude that the trial court's decision to exclude some evidence of Officer Matthews' alleged negligence did not violate Pierce's "right to a full and fair defense."[2] Pierce's argument is overruled.

## II.  Fleeing to elude arrest

[5] Pierce raises several issues on appeal regarding the charge of fleeing to elude arrest causing death. First, Pierce argues that the conviction should be set aside because the trial court "plainly erred" "by failing to make reference to material evidence and law." As correctly noted by the State, (1) each decision cited by Pierce on this issue was based on a now-superseded or since-repealed statute, *State v. Ward*, 300 N.C. 150, 266 S.E.2d 581 (1980); *State v. Williams*, 284 N.C. 67, 199 S.E.2d 409 (1973); *State v. Merrick*, 171 N.C. 867, 88 S.E. 501 (1916); and (2) a trial court is no longer required to "make reference to material evidence and law" in its instructions to the jury. *See* N.C. Gen. Stat. § 15A-1232 (2009) ("In instructing the jury, the judge . . . shall not be required to state, summarize or recapitulate the evidence, or to explain the application of the law to the evidence."). Pierce's argument is overruled.

In further support of his contention that the fleeing-to-elude-arrest-causing-death conviction should be set aside, Pierce presents

---

2. We further note, as does the State on appeal, that the issue of Officer Matthews' alleged negligence was raised in Pierce's closing argument and in almost every cross-examination of a State's witness.

two related arguments—that the trial court (1) should have granted his motion to dismiss the charge, and (2) erroneously precluded Pierce from presenting evidence of Officer Matthews' negligence— the intersection of which raises the above-addressed issue of whether Officer Matthews' death was proximately caused by Pierce's flight from Corporal Richards. As discussed *supra*, the evidence, taken in the light most favorable to the State, was sufficient to allow a reasonable jury to conclude that Pierce's flight from Corporal Richards proximately caused Officer Matthews' death.[3] Further, we are unpersuaded by Pierce's argument that the trial court's decision to exclude some evidence of Officer Matthews' alleged negligence violated Pierce's "right to a full and fair defense." Pierce's arguments on this issue are also overruled.

### III. Possession of a firearm by a felon

[6] Pierce argues that the trial court erroneously denied his motion to dismiss the charges of possession of a firearm by a felon. The two charges stem from (1) possession of the firearm found along the route of Corporal Richards' pursuit of Pierce, and (2) possession of the shotgun found at Pierce's residence.

The evidence of Pierce's possession of the shotgun tended to show the following: the shotgun was found in Pierce's closet in the residence; also in the closet was a lockbox containing ammunition that could be used in the shotgun, paychecks with Pierce's name on them, and Pierce's parole papers; and Pierce's wife said that Pierce was holding the shotgun for his brother. This evidence, taken in the light most favorable to the State, was sufficient to show that Pierce possessed the shotgun.

The evidence of Pierce's possession of the firearm found by a pedestrian along the SUV's route is as follows: Corporal Richards did not see a firearm thrown from Pierce's SUV; the firearm was found along the route taken by Pierce's SUV several hours after the chase; the firearm was traced to a dealer in Winston-Salem, where the other two occupants of Pierce's SUV lived; and "[t]hrough the course of [WPD] investigation," WPD Detective Christopher Mayo came to believe that one of the other occupants of the SUV was the actual owner. This evidence, taken in the light most favorable to the State, is insufficient to support the conclusion that Pierce possessed the firearm. At most, the evidence suggests that the likely owner of the

---

3. Under N.C Gen. Stat. § 20-141.5, a defendant is guilty of a Class E felony where his felonious motor-vehicle flight "is the proximate cause of the death of any person." N.C. Gen. Stat. § 20-141.5(b1) (2009).

firearm was riding in Pierce's SUV and that the firearm was thrown from the SUV at some point, but even that conclusion is tenuous considering the lack of any evidence that the firearm was ever actually in the SUV. There is no evidence showing actual possession by Pierce, nor is there any evidence of Pierce's control of the firearm sufficient to show constructive possession. *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001) ("Constructive possession exists when the defendant, 'while not having actual possession, . . . has the intent and capability to maintain control and dominion over' the [contraband]."). Accordingly, we conclude that the trial court erred by denying Pierce's motion to dismiss the charge of possession of the firearm found along the SUV's route. As such, we vacate Pierce's conviction on that charge.

## IV. *Video evidence*

**[7]** Pierce argues that the trial court erroneously admitted evidence from "video recording devices in [WPD] squad cars, which the State used to show the speed and location of vehicles" during the pursuit. Assuming that admission of "this crucial evidence for the State" was error, we cannot conclude that admission of the evidence was prejudicial. Aside from the unsupported assertion that "this error is not harmless beyond a reasonable doubt," Pierce presents no argument to convince this Court of the existence of harm caused by the trial court's admission of the evidence. Pierce's argument is, therefore, overruled.

## V. *"Other crimes evidence"*

**[8]** Pierce argues that five pieces of "other crimes evidence" was improperly admitted under North Carolina Rule of Evidence 404(b). As correctly noted by the State, regarding three of those pieces of evidence, Pierce did not object on Rule 404(b) grounds, and, therefore, the arguments regarding those pieces of evidence are not properly before this Court.

Pierce argues that the trial court erroneously admitted evidence showing Pierce was involved in a 1994 robbery and police pursuit where Pierce and an accomplice fled on foot from police and Pierce's accomplice was shot and killed by police officers. The trial court admitted the evidence as evidence of implied malice in that it showed Pierce's knowledge—and his disregard of that knowledge—that flight from police was dangerous and could result in death.

On appeal, Pierce contends that the evidence was inadmissible because Rule 404(b) "contains no provision for the introduction of

other crimes or prior bad acts evidence to prove *malice*." (Emphasis in original). This argument is unpersuasive. Rule 404(b) is "a clear general rule of *inclusion*," *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990) (emphasis in original), which provides that while "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith," such evidence is admissible for other purposes such as proof of knowledge. N.C. Gen. Stat. § 8C-1, Rule 404(b) (2009). Because Rule 404(b) specifically allows evidence of prior acts to show knowledge, and because the evidence admitted in this case tends to show Pierce's knowledge of the dangers of flight from police, we conclude that the trial court did not err in admitting the evidence of Pierce's prior flight from police. Pierce's argument is overruled.

Pierce also argues that the trial court erroneously admitted evidence showing that Pierce and the two other occupants of his SUV stole several pounds of marijuana just before Pierce fled from Corporal Richards.[4] The trial court admitted the evidence as showing Pierce's motive to flee from the police and his "intent or implied malice."

On appeal, Pierce contends that the evidence was inadmissible because motive to flee is not an element of any of the offenses. This argument is unpersuasive. Rule 404(b) provides that evidence of prior bad acts is admissible proof of motive. *Id.* The evidence tended to show Pierce's motive in fleeing to elude arrest—*i.e.*, to avoid being pulled over with several one-pound bags of marijuana in his vehicle. As such, admission of the evidence was not erroneous. Pierce's argument is overruled.

*Conclusion*

Based on the foregoing, we vacate Pierce's conviction on the charge of possession of a firearm by a felon with respect to the firearm found along the route of pursuit, and we conclude that, as for the remaining charges, Pierce received a fair trial, free of prejudicial error.

NO ERROR in part; NO PREJUDICIAL ERROR in part; VACATED in part.

Judges ERVIN and BEASLEY concur.

---

4. The evidence tended to show that Pierce and the occupants of his vehicle conducted a drug transaction earlier that night during which Pierce and the occupants of his vehicle surreptitiously paid for several pounds of marijuana with approximately $170 and some newspaper.