ELMORE, Judge.
 

 *703
 

 *94
 
 Eric E. Hillard ("defendant") pled no contest to one count of misdemeanor cruelty to animals. On appeal, defendant argues that the trial court erred by imposing a $10,693.43 restitution award because that amount was not supported by sufficient competent evidence regarding injuries and damages that arose directly and proximately out of the offense committed by defendant. Defendant also contends that the trial court abused its discretion by ordering restitution without regard for defendant's ability to pay the amount ordered.
 

 Because there was sufficient competent evidence to support the amount of restitution ordered by the trial court, and because the trial court properly considered defendant's financial circumstances and found the restitution award to be within his ability to pay, we hold that the trial court neither erred nor abused its discretion in imposing a $10,693.43 restitution award.
 

 *95
 

 I.
 

 On 7 February 2014, defendant shot Carl and Karen Haussmann's 3-year-old beagle in the neck with a .22 rifle, leaving the dog paralyzed after surgery failed to restore his mobility. Defendant had no prior history with or connection to the Haussmanns, who kept all of their animals contained within a five-foot-tall fence surrounding their property. No motive whatsoever was offered to explain why defendant approached the Haussmann's backyard that morning and shot their dog through their fence.
 

 Based on the incident with the Haussmann's dog, defendant was indicted on 9 February 2015 on one count of felony cruelty to animals. His case came on for trial on 24 October 2016. Pursuant to a plea arrangement with the State, defendant entered a no-contest plea to one count of misdemeanor cruelty to animals on 25 October 2016. The trial court accepted defendant's plea and proceeded to the sentencing portion of the hearing.
 

 At the outset of the sentencing hearing, the State indicated that the Haussmanns had provided an itemized worksheet of their expenses arising from the incident ("the expense worksheet"). The expense worksheet was accompanied by supporting documentation that included surgery bills, veterinary bills, letters, and receipts for supplies and other necessaries purchased since the incident. The trial court stood at ease while defendant reviewed the information provided.
 

 In addition to the expense worksheet and supporting documentation, the Haussmanns had previously submitted written victim impact statements. Both Mr. and Mrs. Haussmann were present at the sentencing hearing and requested to make oral statements as well. The trial court asked defendant if he planned to cross-examine the Haussmanns, in which case the trial court would have them sworn, but defendant stated that he did not think he needed to do so. The trial court then addressed the Haussmanns directly, explaining that he had read their written statements and inviting each of them to be heard. Mrs. Haussmann first described how she had altered her daily routine to accommodate the dog's special needs, elaborated on the figures presented in the expense worksheet, and explained that she could not bring herself to "put down" the dog simply because he had become an inconvenience. Mr. Haussmann added that the expense worksheet was accurate, but that the total amount of damages had likely been underreported.
 

 Following the oral victim impact statements, defendant was sworn and testified regarding his financial circumstances. Defendant was
 
 *96
 
 49 years old at the time of the hearing and lived with his mother in the home she owned. He had various health issues related to diabetes and several orthopedic surgeries, and he claimed to owe "hundreds of thousands" of dollars in medical bills, but he was not making any payments on those bills. Defendant previously worked
 
 *704
 
 in car sales, but he had not been employed full-time since 2012. He owned a riding lawn mower and regularly mowed two yards, for which he earned approximately $180.00 per month, and had collected scrap metal for additional income in the past. Defendant received financial assistance from his mother, including free housing, utilities, and food, and he had a 16-year-old son whose mother helped provide for that young man as well. Defendant estimated that he had the ability to pay $50.00 per month in restitution.
 

 The trial court reviewed the evidence overnight and announced the next day that in determining the amount of restitution to be paid, it had considered the expense worksheet, supporting documentation, and all matters pertaining to defendant's financial resources and abilities. The trial court also addressed defendant directly, stating that "while you have a limited capacity to earn money, you do have that capacity to earn money, and you've not been declared disabled at this point in time." The trial court then ordered defendant to pay $10,693.43 in restitution and serve 60 months of probation, with payments at that rate amounting to $178.22 per month. The trial court went on to inform defendant that his probation could be extended for a total of 96 months, which would lower the payments to $111.39 per month. Defendant gave notice of appeal in open court.
 

 II.
 

 On appeal, defendant assigns error to both the amount of restitution ordered by the trial court as well as the trial court's assessment of his ability to pay that amount. Each assignment of error is addressed in turn.
 

 A.
 
 Amount of Restitution
 

 Defendant first contends that the trial court erred by ordering him to pay $10,693.43 in restitution because that amount was not supported by sufficient competent evidence. We disagree.
 

 Pursuant to N.C. Gen. Stat. § 15A-1340.34, the trial court is authorized to order restitution "for any injuries or damages arising directly and proximately out of the offense committed by the defendant." N.C. Gen. Stat. § 15A-1340.34(c) (2015). "A trial court's award of restitution must be supported by competent evidence in the record."
 

 *97
 

 State v. Clifton
 
 ,
 
 125 N.C. App. 471
 
 , 480,
 
 481 S.E.2d 393
 
 , 399 (1997). Whether the amount of restitution recommended by the trial court is supported by competent evidence adduced at trial or sentencing is reviewed by an appellate court
 
 de novo
 
 .
 
 State v. Wilson
 
 ,
 
 340 N.C. 720
 
 , 726-27,
 
 459 S.E.2d 192
 
 , 196 (1995). However, the award does not have to be supported by specific findings of fact or conclusions of law, and the quantum of evidence needed to support the award is not high.
 
 State v. Davis
 
 ,
 
 167 N.C. App. 770
 
 , 776,
 
 607 S.E.2d 5
 
 , 10 (2005). Rather, when there is some evidence that the amount awarded is appropriate, it will not be overruled on appeal.
 
 Id
 
 .
 

 Here, the State provided written victim impact statements to the trial court during the sentencing hearing. The trial court also heard oral victim impact statements from the Haussmanns and received an itemized worksheet of expenses as well as supporting documentation, including veterinary bills and receipts.
 

 On appeal, defendant argues these unsworn statements and documentation constitute incompetent evidence that was insufficient to support the restitution award. Notably, defendant never objected to this evidence at the sentencing hearing. Defendant was specifically asked by the trial court if he wanted the Haussmans to be sworn and cross-examined, but he declined the request. Defendant has thus waived any argument concerning the unsworn statements for appellate review.
 
 See
 

 State v. Hendricks
 
 ,
 
 138 N.C. App. 668
 
 , 671,
 
 531 S.E.2d 896
 
 , 899 (2000) (upholding an aggravating factor where it was supported by an unsworn victim impact statement).
 

 Notwithstanding the fact that defendant failed to object to the evidence offered at the sentencing hearing, it is well-settled that the requirement that a witness be sworn does not apply during such hearings.
 
 Id
 
 . (citing N.C. Gen. Stat. § 15A-1334(b) (2015) ("Formal rules of evidence do not apply at the [sentencing] hearing.") ). Thus, the written victim impact statements, together with the oral victim impact statements, expense worksheet, and accompanying documentation, constitute
 
 *705
 
 sufficient competent evidence to support the restitution award. Accordingly, the trial court committed no error as to the amount awarded, and defendant's argument to the contrary is overruled.
 

 B.
 
 Ability to Pay
 

 In his second assignment of error, defendant contends the trial court abused its discretion by ordering restitution without regard for his ability to pay the amount ordered. We disagree.
 

 In determining the amount of restitution to be made, the court shall take into consideration the resources of
 
 *98
 
 the defendant including all real and personal property owned by the defendant and the income derived from the property, the defendant's ability to earn, the defendant's obligation to support dependents, and any other matters that pertain to the defendant's ability to make restitution, but the court is not required to make findings of facts or conclusions of law on these matters. ...
 

 N.C. Gen. Stat. § 15A-1340.36(a) (2015). Whether the trial court properly considered a defendant's ability to pay when awarding restitution is reviewed by this Court for abuse of discretion.
 
 State v. Carter
 
 ,
 
 186 N.C. App. 680
 
 ,
 
 652 S.E.2d 72
 
 ,
 
 2007 WL 3256885
 
 , at *2 (2007) (unpublished).
 

 Here, the trial court properly considered defendant's financial resources and ability to pay restitution pursuant to the requirements of N.C. Gen. Stat. § 15A-1340.36(a). Specifically, defendant testified regarding his employment history, assets, dependents, medical bills, and the support he receives from his mother and others. While defendant argues on appeal that the trial court "ignored" certain portions of his testimony, nothing in the record suggests the court did not take each factor of N.C. Gen. Stat. § 15A-1340.36(a) into consideration when determining that defendant had the ability to pay the restitution award. Thus, the trial court did not abuse its discretion, and defendant's second assignment of error is overruled.
 

 III.
 

 Because the amount of restitution imposed by the trial court was supported by sufficient competent evidence, and because the trial court properly considered defendant's financial resources and ability to pay that amount, the trial court neither erred nor abused its discretion in imposing a $10,693.43 restitution award. Accordingly, the order of the trial court is hereby:
 

 AFFIRMED.
 

 Chief Judge McGEE and Judge MURPHY concur.