IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-1024

Filed 7 November 2023

Brunswick County, Nos. 18 CRS 865-68, 21 CRS 212

STATE OF NORTH CAROLINA

v.

LAKETTA HUSSAIN, Defendant.

Appeal by Defendant from judgments entered 2 March 2022 by Judge Jason C. Disbrow in Brunswick Country Superior Court. Heard in the Court of Appeals 6 September 2023.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Hilary R. Ventura, for the State.*
>
> *Patterson Harkavy LLP, by Narendra K. Ghosh, for Defendant.*

GRIFFIN, Judge.

Defendant Laketta Hussain appeals from judgments entered after a jury found her guilty of three counts of forgery, four counts of uttering forged paper, altering court documents, residential mortgage fraud, and obtaining property by false pretense. Defendant argues the trial court erred in: denying her motion to dismiss the charges of altering court documents and obtaining property by false pretense; ordering restitution; and imposing an extended term of probation. We hold the trial court erred in denying Defendant's motion to dismiss the charge of altering court documents. We otherwise affirm the trial court's denial of Defendant's motion to

dismiss the charge of obtaining property by false pretenses; ordering restitution; and imposing an extended term of probation.

## I.     Factual and Procedural Background

In 2016, Defendant applied for a home loan through State Employees Credit Union. On 19 August 2016, Defendant's loan was approved, contingent on SECU receiving documentation verifying Defendant's income. Defendant provided pay stubs from her full-time employer, New Hanover County Department of Social Services, and her alleged part-time employer, Fundays. Defendant also provided a Florida court order illustrating her income derived from child support payments. On 4 October 2016, the loan was finalized. SECU issued payment of the funds on 1 November 2016 with Defendant's first payment becoming due on 1 December 2016.

On 9 December 2016, Defendant requested forbearance for her first mortgage payment stating she lost her part-time job at Fundays and was no longer receiving child support payments. Defendant provided documentation of her continued full-time employment with DSS and forbearance was approved for a four-month period. In April 2017, Defendant applied for an additional four-month forbearance, submitting similar documentation, which was also granted.

On 2 August 2017, Defendant applied for a third forbearance, submitting purported paystubs from her employment with DSS and her husband's part-time employment with Sands Beach Wear. SECU financial services officer, G. Davis, suspected the documents submitted with Defendant's third forbearance application

were fraudulent. Per company policy, Davis notified A. Bailey, a SECU fraud and security investigator. Bailey reviewed all documentation provided by Defendant. Upon investigation, it was determined there were numerous inconsistencies in the documentation provided to obtain the original loan and subsequent forbearances. Specifically, Bailey found Defendant's husband was employed by Fundays, not Defendant, and that Defendant had altered the dates on the paystubs from DSS and Sands Beach Wear. Further Bailey discovered the Florida child support order had been altered to include Defendant's name as the parent who was receiving income when the child listed on the order did not belong to Defendant and was not in her care. The third application for forbearance was denied and SECU foreclosed on Defendant's home.

At the close of her investigation, Bailey contacted Brunswick County Sheriff's Office and filed a police report. On 1 March 2021, Defendant was indicted and charged with: three counts of common law forgery; four counts of common law uttering forged paper; altering court documents; residential mortgage fraud; and obtaining property by false pretense. Defendant's case came on for jury trial on 28 February 2022 in Brunswick County Superior Court before the Honorable Jason C. Disbrow. On 2 March 2022, the jury returned a verdict finding Defendant guilty on all charges.

The trial court consolidated the charges and sentenced Defendant to 6 to 17 months' imprisonment, suspended for 30 months' supervised probation. The trial

court then extended the probationary term to 60 months in order to give Defendant additional time to make restitution as Defendant was ordered to pay $25,061.46. Defendant gave timely notice of appeal.[1]

## II. Analysis

Defendant argues the trial court erred in: (A) denying her motion to dismiss the charges of altering court documents and obtaining property by false pretense; (B) ordering restitution; and (C) imposing an extended term of probation.

## A. Motion to Dismiss

Defendant argues the trial court erred in denying her motion to dismiss the charges of altering court documents and obtaining property by false pretense as the State failed to introduce substantial evidence of the essential elements of the charged offenses.

In ruling on a motion to dismiss, the trial court must determine "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser included offense therein, and (2) of the defendant's being the perpetrator of such offense[.]" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (citations omitted). *See State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) ("Substantial evidence is such relevant evidence as a reasonable mind might accept

---

[1] Defendant filed a petition for writ of certiorari requesting this Court grant appellate review if Defendant's right to appeal was lost by failure to give timely notice of appeal. We hold Defendant gave timely notice of appeal pursuant to N.C. R. App. 4 and therefore dismiss Defendant's petition.

as adequate to support a conclusion." (internal marks and citations omitted)). All evidence, competent or incompetent, must be considered with any contradictions or conflicts being resolved in favor of the State. *See State v. Bradshaw*, 366 N.C. 90, 93, 728 S.E.2d 345, 347 (2012) (internal marks and citations omitted). On appeal, we review "the trial court's denial of a motion to dismiss *de novo.*" *Smith*, 186 N.C. App. at 62, 650 S.E.2d at 33 (citations omitted).

### 1. *Altering Court Documents*

Defendant argues, and the State concedes, the trial court erred in denying her motion to dismiss the charge of altering court documents as the State failed to introduce evidence that Defendant altered the official Florida child support order as is required to obtain a conviction under N.C. Gen. Stat. § 14-211.2.

Under North Carolina General Statute, section 14-211.2, a defendant is guilty of altering court documents where she intentionally, materially alters an official case record without lawful authority. *See* N.C. Gen. Stat. § 14-211.2 (2021). As the State is required to prove each essential element of section 14-211.2 in order to obtain a conviction of altering court documents, the State has failed to meet its burden where it does not introduce substantial evidence of the defendant having altered *official* court records. *See id.*; *see also Fritsch*, 351 N.C. at 378, 526 S.E.2d at 455. Moreover, when a conviction is entered despite the State having failed to meet its burden, the conviction has been entered in error. *See Fritsch,* 351 N.C. at 378, 526 S.E.2d at 455.

Here, Defendant was charged with altering official court documents upon

making changes to a Florida court's child support order. However, Defendant argues the State failed to introduce any evidence concerning the official case record. Specifically, Defendant contends the State neglected to introduce any evidence as to the contents of the official file, any documents from the file, or any witness who had personally seen the file.

The evidence at trial suggested only that Defendant altered a copy of an order illustrating income derived from child support and provided the altered copy to SECU as verification of income while the official order remained unaltered. The State concedes there was error as there was insufficient evidence of Defendant having altered official court records—an essential element of the crime of altering court documents. Nonetheless, the State argues this Court need not remand the matter to the trial court for resentencing as removing the vacated charge would not have changed the trial court's judgment.

However, "[w]hen the trial court consolidates multiple convictions into a single judgment but one of the convictions was entered in error, the proper remedy is to remand for resentencing[,]" but only where this Court is "unable to determine what weight, if any, the trial court gave to each of the separate convictions[.]" *State v. Cromartie*, 257 N.C. App. 790, 797, 810 S.E.2d 766, 772 (2018) (internal marks and citations omitted). Further, "we do not remand for resentencing where [the] [d]efendant has already received the lowest possible sentence because remanding when one of the convictions of a consolidated sentence is in error is based on the

premise that multiple offense[s] probably influenced the defendant's sentence." *Id.*

Here, in sentencing Defendant, the trial court stated:

> THE COURT:       All right.   Consolidate for purposes of judgment—based on the unanimous verdict of jury of her peers, consolidate 18 CrS 865 [(altering court documents; uttering forged paper)], 18 CrS 866 [(residential mortgage fraud; obtaining property by false pretense)], and 18 CrS 867 [(two counts of common law forgery)] into one Class H judgment, Level I.   Six months minimum to 17 months maximum in the Department of Adult Correction.   That sentence is suspended.

This statement gives no indication as to what weight, if any, the trial court gave to each of the separate convictions.   Further, Defendant did not receive the lowest possible sentence as she was sentenced at the top of the presumptive range.   *See* N.C. Gen. Stat. § 15A-1340.17(c) (2021) (showing the top of the presumptive range for a Class H felony, with prior record level I, as 6-17 months' imprisonment).

Because we are unable to determine what weight, if any, the trial court gave to each of Defendant's convictions, and because Defendant was sentenced at the top of the presumptive range of sentences rather than the lowest, we must remand to the trial court for resentencing.   Thus, we are only vacating Defendant's conviction of altering court documents and remand to the trial court for resentencing.   We recognize the judgment may remain the same and leave that to the discretion of the trial court.

### 2. *Obtaining Property by False Pretense*

Defendant argues the trial court erred in denying her motion to dismiss the

charge of obtaining property by false pretense as the State failed to introduce evidence that SECU was, in fact, deceived by the altered documents. Defendant specifically cites to issues concerning the paystubs from New Hanover County, Sands Beach Wear, and Fundays; and the Florida child support order in support of her contention.

In order to be convicted of obtaining property by false pretense pursuant to N.C. Gen. Stat. § 14-100, the State must prove, beyond a reasonable doubt, the defendant made "(1) a false representation of a past or subsisting fact or a future fulfillment or event, (2) which [was] calculated and intended to deceive, (3) which [did] in fact deceive, and (4) by which the defendant obtain[ed] or attempt[ed] to obtain anything of value from another person." *State v. Compton*, 90 N.C. App. 101, 103, 367 S.E.2d 353, 354 (1988) (citations omitted).

As to the paystubs from New Hanover County and Sands Beach Wear, Defendant argues Bailey became involved only after the paystubs were flagged. Further, Defendant notes Bailey believed the paystubs were not genuine and SECU denied her third mortgage modification request and foreclosed on her home. This, Defendant argues, is evidence which affirmatively shows SECU was not deceived by the paystubs. Similarly, as to the Fundays paystub, Defendant argues the State only presented evidence that SECU contacted Fundays to confirm whether Defendant was employed there which, in itself, suggested SECU believed the paystub may not have been genuine, and therefore, was not deceived. Additionally, Defendant argues,

regarding the Florida child support order, there was no evidence as to how SECU considered the order, if at all, in their mortgage origination process and the mere presence of the order in the file cannot prove SECU was deceived by the order.

Although Bailey only became involved when Defendant's paystubs were flagged after her third forbearance application, SECU was still deceived, as Defendant's first two forbearance applications were granted based on Defendant's claims that she lost her alleged part-time job at Fundays and was no longer receiving child support payments as indicated in the falsified Florida court order. Further, Bailey testified:

> A:    When we originate a mortgage, we can call the employer using an independent source, such as Google or the white pages or phone book, to find the company's phone number. We can call and confirm verbally if a member is employed by that employer.
>
> Q:    So this would be the report done by whoever verbally confirmed her employment at Fundays?
>
> A:    Yes.

This testimony suggests calling Defendant's alleged employer, Fundays, was common practice and not done solely upon suspicion of fraud. Similarly, Davis testified as to SECU's consideration of the child support order noting:

> A:    To my recollection the first one was because she was no longer receiving child support, and so she needed that assistance. Because that was a large part of her income. That. And her second job was no longer in play.

This evidence suggests SECU considered Defendant's loss of the child support income

in granting both the loan and the subsequent forbearance requests.

Further, our Courts, in considering the sufficiency of bills of indictment, have repeatedly recognized an indictment need not specifically allege the victim was deceived by the false pretense where the facts in the indictment are sufficient to suggest the victim surrendered something of value as a result of the false pretense. *See State v. Hinson*, 17 N.C. App. 25, 27, 193 S.E.2d 415, 416 (1972). Notably, our Supreme Court in *State v. Cronin* stated, "[i]f the false pretense caused the victim to give up his property, it logically follows that the property was given up because the victim was in fact deceived by the false pretense." 299 N.C. 229, 238, 262 S.E.2d 277, 283 (1980). Although our Courts have only applied this concept when considering the sufficiency of bills of indictment, the same can be applied in cases, such as the instant case, where the defendant challenges the sufficiency of the evidence introduced at trial. Moreover, we hold that where the State presents substantial evidence which tends to show the victim gave up his property to the defendant in reliance on the false pretense, it logically follows that the property was surrendered because the victim was deceived by the false pretense.

Because the State introduced substantial evidence which tended to show SECU was, in fact, deceived by Defendant as Defendant's home loan was contingent upon verification of her income, and only upon receiving flawed and altered documentation of income did SECU issue the loan, the trial court did not err in denying Defendant's motion to dismiss the charge of obtaining property by false

pretense.

## B. Restitution

Defendant contends the trial court erred in ordering she pay \$25,061.46 in restitution as (1) the record did not contain evidence tending to show Defendant's alleged misconduct caused SECU's monetary loss, and (2) the court failed to consider Defendant's ability to pay the restitution.

We review the trial court's imposition of restitution *de novo*—determining whether there is competent evidence to support the trial court's restitution award. *See State v. Clagon*, 279 N.C. App. 425, 435, 865 S.E.2d 343, 349 (2021). However, we review issues concerning whether the trial court "properly considered a defendant's ability to pay when awarding restitution" for abuse of discretion. *State v. Hillard*, 258 N.C. App. 94, 98, 811 S.E.2d 702, 705 (2018) (internal marks and citations omitted). Further, a trial court's restitution award "will be overturned only when the trial court did not consider any evidence of [the] defendant's financial condition." *State v. Crew*, 281 N.C. App. 437, 444, 868 S.E.2d 351, 356 (2022) (citing *Hillard*, 258 N.C. App. at 98, 811 S.E.2d at 705 (internal marks, citations, and emphasis omitted)).

### 1. *Defendant's Alleged Misconduct and SECU's Monetary Loss*

Defendant argues the trial court erred in ordering her to pay restitution as the record was void of evidence tending to show her alleged misconduct caused SECU's monetary loss. Specifically, Defendant contends there is insufficient evidence in the

record to show her submission of false documentation in the mortgage lending process was the proximate cause of SECU's monetary loss, noting "there is no evidence in the record that SECU would not have issued the mortgage" absent the submission of the documents.

Our North Carolina General Statutes, section 15A-1340.34, authorizes the trial court to order a defendant to "make restitution to the victim or the victim's estate for any injuries or damages arising directly and proximately out of the offense committed by the defendant." N.C. Gen. Stat. § 15A-1340.34(b), (c) (2021). Our Court has defined proximate cause as a cause,

> (1) which, in a natural and continuous sequence and unbroken by any new and independent cause, produces an injury; (2) without which the injury would not have occurred; and (3) from which a person of ordinary prudence could have reasonably foreseen that such a result, or some similar injurious result, was probable under the facts as they existed.

*State v. Pierce,* 216 N.C. App. 377, 381, 718 S.E.2d 648, 652 (2011) (citation omitted). Thus, we recognize the trial court's restitution award must be supported by competent evidence in the record which tends to suggest Defendant both directly and proximately caused SECU's injuries. *See id.*; *see also* N.C. Gen. Stat. § 15A-1340.34(b), (c) (2021).

Here, Defendant was undoubtedly the proximate cause of SECU's monetary loss. SECU required all applicants, including Defendant, to sign a document verifying they provided information accurately and to the best of their ability. While

Defendant did sign the document, she did so after submitting falsified documents in the original loan application and continued to do so throughout the forbearance process. Evidence at trial tended to show Defendant submitted a paystub from Fundays claiming it was her part-time employer while it was actually her husband's. Further, Defendant provided a copy of a Florida child support order which was altered to include her name as the recipient of child support payments when the child listed neither belonged to her nor was in her care. Defendant also altered the dates on both her husband's paystubs from Sands Beach Wear and her paystubs from DSS. Both Graves and Bailey provided testimony at trial suggesting SECU relied upon these falsified documents in issuing the original loan and subsequent forbearances, and that the submission of such documents is what led to SECU issuing and extending Defendant's forbearance.

Because the record is replete with competent evidence suggesting Defendant was the proximate cause of SECU's monetary loss, the trial court did not err in imposing restitution.

### 2. *Defendant's Ability to Pay Restitution*

Defendant argues the trial court erred in ordering her to pay restitution as the court failed to consider whether Defendant was able to pay restitution. Specifically, Defendant notes the record reflects the trial court "entirely failed to consider [Defendant's] ability to make restitution" as the court did not make any inquiries about Defendant's income, expenses, or ability to pay SECU.

Our General Statutes require the trial court, in determining the amount of restitution to be made by a defendant, to "take into consideration the resources of the defendant including all real and personal property owned by the defendant and the income derived from the property, the defendant's ability to earn, the defendant's obligation to support dependents, and any other matters that pertain to the defendant's ability to make restitution[.]" N.C. Gen. Stat. § 15A-1340.36(a) (2021). The trial court is not required to make findings of fact or conclusions of law regarding a defendant's ability to pay, nor is the court required to modify the amount of restitution owed on such basis. *See id.*; *see also State v. Tate,* 187 N.C. App. 593, 598–99, 653 S.E.2d 892, 897 (2007).

Here, the record reflects the trial court was aware of, among other things: Defendant's marital status; Defendant's past and present employment statuses; and Defendant having three children. Further, Defendant did not present any evidence suggesting she was, in any way, unable to pay the restitution amount, but instead stated: "[Defendant] is satisfied with a probationary sentence that the State is recommending." Moreover, the trial court, in ordering Defendant make restitution, extended the length of Defendant's probation so as to allow her more time to pay back the amount, thereby indicating the trial court's consideration of Defendant's ability to pay.

Because the trial court was undoubtably aware of circumstances affecting Defendant's ability to pay restitution, and further considered those circumstances in

extending Defendant's probation to allow her more time to make restitution, the trial court did not err.

## C. Extended Term of Probation

Defendant argues the trial court erred in imposing an extended term of probation as the extended term was improperly based on the "erroneous restitution award."

Our General Statutes allow for the extension of an original period of a defendant's probation where it is necessary to complete a program of restitution. *See* N.C. Gen. Stat. § 15A-1343.2(d) (2021).

Here, Defendant argues the trial court erred in extending her probationary period only because the restitution award, in itself, was erroneous. However, as we noted above, the trial court's restitution order was not erroneous as the court both recognized and considered Defendant's ability to pay restitution. *See Supra* II.B.2. Because the restitution order was not made in error, the trial court did not err in extending Defendant's probationary period to allow her to make restitution.

## III. Conclusion

For the aforementioned reasons, we hold the trial court erred in denying Defendant's motion to dismiss the charge of altering court documents but did not err in denying Defendant's motion to dismiss the charge obtaining property by false pretense; ordering restitution; or imposing an extended term of probation. Therefore, we vacate the charge of altering court documents and remand for resentencing.

NO ERROR IN PART; VACATED IN PART AND REMANDED.

Judges WOOD and STADING concur.